GIBSON, DUNN & CRUTCHER LLP
Timothy W. Loose, SBN 241037
  tloose@gibsondunn.com
Lauren M. Blas, SBN 296823
  lblas@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Kory Hines, *pro hac vice forthcoming*
  khines@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.2453
Facsimile:  212.817.9553

Attorneys for Defendant
Amazon.com Services LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DAVID GEORGE WILLIAMS, on behalf of himself and all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:22-CV-1892<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT AMAZON.COM SERVICES LLC**<br><br>(Originally filed in Santa Cruz County Superior Court, Case No. 21CV00718) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DAVID GEORGE WILLIAMS AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon.com Services LLC ("Amazon") hereby removes to the United States District Court for the Northern District of California, San Jose Division, the above-captioned state court action, originally filed as Case No. 21CV00718 in Santa Cruz County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1.      Plaintiff David George Williams ("Plaintiff") filed a PAGA Representative Action Complaint ("Original Complaint") against Amazon in Santa Cruz County Superior Court, Case No. 21CV00718, on March 18, 2021. *See* Decl. of Timothy W. Loose, Ex. A.

2.      On May 5, 2021, Plaintiff filed a First Amended PAGA Representative Action Complaint ("FAC"). *Id.*, Ex. E.

3.      Neither the Original Complaint nor the FAC included any class action allegations or putative class claims. As such, neither set forth a basis for federal jurisdiction under CAFA.

4.      On February 22, 2022, Plaintiff sought to amend his complaint to add class allegations for the first time. That day, the parties filed a stipulation with a proposed order permitting Plaintiff to file a Second Amended Complaint ("SAC"), which now raised putative class allegations. The state court signed the proposed order on February 23, 2022, rendering the SAC operative that day. *Id.*, Ex. U (SAC).

5.      This notice of removal is timely because it was "filed within thirty days after receipt by the defendant … of a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Under § 1446(b)(3), the 30-day removal clock does not begin until "a ground for removal [is] 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). Here, the SAC submitted as an attachment to the February 22, 2022 stipulation was the first pleading in which class allegations were offered and was thus the first pleading from which Amazon ascertained that the case is removable.

Amazon timely filed this Notice of Removal fewer than 30 days after Plaintiff's SAC was accepted for filing by the Superior Court and thus became operative.  *See Manos v. Wolf Firm*, 2018 WL 1737775, at \*5 (C.D. Cal. Apr. 9, 2018), *aff'd*, 771 F. App'x 364 (9th Cir. 2019) (where proposed amended complaint providing federal jurisdiction is attached to request for leave to amend state court complaint, the granting of the request begins the 30-day removal period).

6.      Pursuant to 28 U.S.C. § 1446(a), attached as Exhibits A – U to the Loose Declaration are true and correct copies of the process, pleadings, and orders served on Amazon in this matter.

## II.  SUMMARY OF PLAINTIFF'S CLASS ACTION ALLEGATIONS

7.      Plaintiff purports to bring this class action on behalf of himself and all other California residents who are (or were) employed by Amazon and assigned to one of 12 specific locations in California, from March 15, 2020 to the present.  SAC ¶¶ 2, 5.[1]

8.      Plaintiff alleges two putative class action claims against Amazon: (1) Failure to Reimburse for Business Expenses (Cal. Lab. Code § 2802) and (2) Unfair Competition Law Violations (Bus. & Profs. Code § 17200).  SAC ¶¶ 21–39.  Among other things, Plaintiff seeks an "award to … Class Members [of] all unreimbursed business expenses …."; "restitution to … the Class Members due to [Amazon's] UCL violations … in the amount of their unreimbursed business expenses …."; and an award of reasonable attorney's fees.  *See* SAC, Prayer for Relief at 16–17.

9.      Plaintiff's theory is that Amazon required Plaintiff and the putative class members to incur various business expenses to enable them to work remotely during the COVID-19 pandemic, such as home Internet charges and electricity expenses.  SAC ¶¶ 12–13.

## III.  GROUNDS FOR REMOVAL

10.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has jurisdiction over this action and all claims asserted against Amazon under CAFA.

---

[1]   According to the SAC, these 12 locations are: "10201 Torre Avenue, Cupertino, California 95014; 1900 University Avenue, East Palo Alto, California 94303; 475 Sansome Avenue, San Francisco, California 94111; 188 Spear Street, San Francisco, California 94105; 96 East San Fernando Street, San Jose, California 95113; 110 Cooper Street, Santa Cruz, California 95060; 1005 Monterey Street, San Luis Obispo, California 93401; 1620 26th Street, San Monica California 90404; 1100 Enterprise Way, Sunnyvale, California 94089; 40 Pacifica Avenue, Irvine, California 92618; 2400 Marine Avenue, Redondo Beach, California 90278; and 2727 Kurtz Avenue, San Diego, California 92110."  SAC ¶ 5.

Gibson, Dunn &
Crutcher LLP

11.     This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, which authorizes an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* SAC ¶¶ 1, 20.

12.     Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d), 1441.

13.     Amazon denies any liability in this case, both as to Plaintiff's individual claims and as to his putative class and PAGA claims.  Further, Amazon expressly reserves all rights to oppose class certification, to strike the PAGA claim as unmanageable, and to contest the merits of all claims asserted in the SAC or any subsequent complaint.  However, for purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's SAC identify a putative class of more than 100 members, involve class members who are citizens of a state different from Amazon, and put in controversy an amount exceeding $5 million.  *See id.* § 1332(d).  Removal to this Court is therefore proper.

**A.      There Are More Than 100 Members in the Putative Class**

14.     Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class action have at least 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

15.     In addition to Plaintiff, the putative class includes "all other California residents who are or were employed by [Amazon], whose offices were closed, and who worked from home, for at least one pay period during the time period from March 15, 2020 to the present …."  SAC ¶ 2.  Plaintiff alleges that the class consists of employees at 12 particular Amazon locations in California.  SAC ¶ 5.

16.     To demonstrate that removal is proper, Amazon need only show that the assumptions it makes for the purpose of showing federal jurisdiction are reasonable.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) ("[A] removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions' ... founded on the allegations of the complaint." (citation omitted)).

17.     Here, it is more than reasonable to conclude that the class consists of more than 100 individuals because Amazon's internal records show that between March 15, 2020 and March 15, 2022

more than 4,200 California residents were assigned to the 12 locations that comprise Plaintiff's putative class.  Decl. of Denicia Prather, ¶ 3.

18.     While Amazon disputes that class treatment is appropriate, and denies that Plaintiff has properly defined any class here, for purposes of removal only, based on Plaintiff's allegations, there are well over 100 putative class members.

19.     Accordingly, while Amazon denies that class treatment is permissible or appropriate, the proposed class satisfies CAFA's requirement that it consist of more than 100 members.

**B.      Amazon Is Not a Citizen of the Same State as Plaintiff or Any Other Putative Class Member**

20.     This Court has jurisdiction under CAFA's minimum diversity of citizenship requirement when the plaintiff or any member of the putative class is a citizen of a different state from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  This requirement is met because Plaintiff is a citizen of California, and Amazon is a citizen of Washington State and Delaware.

21.     A natural person is a citizen of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A natural person's residence is prima facie evidence of his or her domicile.  *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016).

22.     Here, the class definition is expressly limited to "California residents."  SAC ¶ 2; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding that defendant's "short and plain statement alleging that [the plaintiff] and the putative class members were citizens of California" was "sufficient" to establish jurisdiction for removal under CAFA because "allegations of citizenship may be based solely on information and belief" (citation omitted)).  And Plaintiff alleges that he currently "is a resident of California" and that while he was "employed by [Amazon], Plaintiff lived at 222 Kingsbury Drive, Aptos, California 95003."  SAC ¶ 4.  Plaintiff and the other putative class members are therefore considered citizens of California for CAFA removal purposes.  *See Ayala*, 2016 WL 6561284, at *4.

23.     A corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  A limited liability company is a citizen of every state of which its members or owners are citizens.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894,

899 (9th Cir. 2006). The U.S. Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination …." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

24.     Amazon.com Services LLC, the sole defendant in this action,[2] is, and was at the time of the commencement of this action, a limited liability company formed under the laws of the State of Delaware with its principal place of business in the State of Washington. Prather Decl. ¶ 4. Amazon.com Services LLC's only member is Amazon.com Sales, Inc., which is wholly owned by Amazon.com, Inc. *Id.* Amazon.com Sales, Inc. and Amazon.com, Inc. are incorporated in Delaware and each has its principal place of business in Seattle, Washington. *Id.* These entities' Washington State headquarters constitute their "nerve center[s]" under the *Hertz* test because their high-level officers oversee each corporation's activities from that state. *Id.*. As such, Amazon.com Services LLC is a citizen of only Delaware and Washington State. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

25.     Accordingly, because Plaintiff is a citizen of California, and Amazon is a citizen of Washington State and Delaware, CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount in Controversy Exceeds $5 Million**

26.     To remove a class action under CAFA, the total amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, the Court must aggregate the claims of all individual class members. *Id.* § 1332(d)(6).

27.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202

---

[2]  Although the caption of the SAC identifies "Does 1 to 50" as defendants, this is immaterial to a removal analysis. *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes ….").

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION
CASE NO. 5:22-CV-1892

Gibson, Dunn &
Crutcher LLP

(9th Cir. 2015).  "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias*, 936 F.3d at 925 (citation omitted); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 89 (citations omitted).

28.    Moreover, in assessing whether the amount-in-controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citations omitted).

29.    As Amazon demonstrates below, the amount in controversy exceeds $5 million.  Thus, although Amazon denies all liability and denies that the class is entitled to any recovery, Amazon avers, for the purpose of meeting the jurisdictional requirements for removal only, that Plaintiff's allegations put more than $5 million in controversy.

1.    **Plaintiff's Reimbursement Allegations Alone Place More Than $5 Million in Controversy**

30.    Plaintiff's claim regarding unpaid reimbursements alone places more than $5 million in controversy.

31.    California Labor Code Section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence

Gibson, Dunn &
Crutcher LLP

of the discharge of his or her duties, or of his or her obedience to the directions of the employer …."
Cal. Lab. Code § 2802(a).  For this provision, "the term 'necessary expenditures or losses' shall include
all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing
the rights granted by this section."  *Id.* § 2802(c).

32.     Plaintiff alleges that Amazon's "expense-related policies and/or practices require and
expect, and/or with [Amazon's] knowledge thereof permit [class members] to pay for home internet
and home office infrastructure expenses incurred in direct consequence of discharging … their
necessary, reasonable, and business-related job duties on behalf of [Amazon], without reimbursement
*in full* by [Amazon] for such expenses, as required by California law."  SAC ¶ 14 (emphasis added).
Plaintiff further alleges that the non-reimbursed expenses at issue include "equipment expenses,"
"electricity" costs, and "allocated portion[s] of [class members'] home office space."  SAC ¶¶ 12–13.

33.     Plaintiff alleges that the "home internet and home office expenses" at issue " typically
amounted to $50 to $100 per month per Class Member …."  SAC ¶ 13.

34.     Even using the lower end of Plaintiff's alleged range of damages (an alleged $50 per
month per class member) places more than $5 million in controversy.  As described above, there are at
least 4,200 members of the putative class, and Plaintiff alleges that each class member is entitled to
$50 for each month of his or her employment by Amazon during the relevant period.  SAC ¶ 13; Prather
Decl. ¶ 3(c).  Amazon's records reflect that the putative class members worked over 110,000 months
in the aggregate during the relevant period.  Prather Decl. ¶ 3(d).  Multiplying $50 per month by
110,000 months therefore places *more than* $5,500,000 in controversy for purposes of the removal
analysis.  That amount doubles if one uses the high end of alleged damages ($100 per month) that
Plaintiff pleads.  SAC ¶ 13.

**2.     Plaintiff's Request for Attorney's Fees Places an Additional $1.375 Million in
Controversy**

35.     In addition, Plaintiff requests "an award of reasonable attorneys' fees," pursuant to
California Code of Civil Procedure § 1021.5 and California Labor Code §§ 2699(g)(1) and 2802(c).
SAC ¶ 39; SAC, Prayer for Relief at 17.  Prospective attorney's fees must be included in the amount
in controversy in evaluating CAFA jurisdiction.  *See Arias*, 936 F.3d at 922 ("[W]hen a statute …
provides for the recovery of attorneys' fees, prospective attorneys' fees ***must*** be included in the

Gibson, Dunn &
Crutcher LLP

assessment of the amount in controversy." (emphasis added) (citation omitted)).  Under the Ninth Circuit's well-established precedent, 25% of a common fund is generally used as a benchmark for an award of attorney's fees.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'" (quoting *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *4 (N.D. Cal. Aug. 8, 2008))); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018) (collecting cases establishing 25% as a reasonable benchmark in CAFA wage-and-hour cases).  And district courts have previously applied a 25% benchmark in determining attorney's fees for purposes of the amount in controversy in reimbursement cases.  *See, e.g.*, *Anderson v. Starbucks Corp.*, -- F. Supp. 3d --, 2020 WL 7779015, at *4 (N.D. Cal. Dec. 31, 2020) (finding 25% to be a reasonable benchmark for attorney's fees for plaintiff's reimbursement claims); *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *7 (N.D. Cal. Feb. 27, 2019) (same).

36.     Here, Amazon has shown that the amount in controversy is *more than* $5,500,000, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorney's fees.  Indeed, Plaintiff's counsel has recently sought and received *more* than 25% in attorney's fees in other cases involving employment claims against other defendants.  *See, e.g.*, *Pagh v. Wyndham Vacation Ownership, Inc.*, 2021 WL 3017517, at *1, *3 (C.D. Cal. Mar. 23, 2021) (awarding Plaintiff's counsel 30% of a settlement); *Keller v. Select Funding, LLC*, 2021 WL 6211053, at *3 (Cal. Super. Ct., Ventura Cnty. Nov. 30, 2021) (awarding Plaintiff's counsel one-third of a settlement).  Amazon denies that any attorney's fees are or will be owed to Plaintiff or putative class members, but relies on Plaintiff's allegation that he will be entitled to attorney's fees for purposes of this jurisdictional analysis.  Thus, although Amazon has shown that the amount in controversy without considering attorney's fees surpasses the jurisdictional threshold, this Court must nevertheless include the potential attorney's fees in evaluating jurisdiction.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Arias*, 936 F.3d at 922.

37.     Using a 25% benchmark figure for attorney's fees regarding alleged Labor Code § 2802 class claims results in estimated attorney's fees of approximately $1.375 million, which is 25% of $5,500,000.  Again, as described above, the amount would be double this amount if the high end of Plaintiff's pleaded damages range is used.

**3.     Amazon Has Satisfied Its Burden Under CAFA and No Exception Applies**

38.     In summary, Plaintiff's allegation regarding unreimbursed cell phone expenses under California Labor Code § 2802 places more than $5,500,000 in controversy, and his request for attorney's fees places an additional $1.375 million in controversy.  In total, Plaintiff's claims, including attorney's fees, exceed the jurisdictional threshold—and this is when the figure is calculated using the low end of Plaintiff's pleaded damages range of $50 to $100 per month.  *See Anderson*, 2020 WL 7779015, at *3–4 (finding that defendant's use of conservative estimates confirmed the estimates were reasonable).

39.     Because Amazon has established federal jurisdiction over this action, Plaintiff bears the burden of proof to prove that an exception to CAFA removal applies and justifies remand.  *See Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1024 (9th Cir. 2007).  Plaintiff cannot meet this burden as no exceptions apply to this action.  Amazon reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

## IV.  THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

40.     Based on the foregoing facts and allegations, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    a)   This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

    b)   The action involves a putative class of more than 100 employees;

    c)   The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

    d)   The minimal diversity requirement is satisfied because Plaintiff and the putative class members are citizens of a state different from Amazon.

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

41.     The United States District Court for the Northern District of California, San Jose Division is the federal judicial district and division in which the Santa Cruz County Superior Court sits. 28 U.S.C. § 84(a).  This action was originally filed in Santa Cruz County Superior Court, rendering venue in this federal judicial district and division proper.  *See* Civil L.R. 3-2(e); *see also* 28 U.S.C. § 1441(a).

42.     True and correct copies of the process, pleadings and orders served upon Amazon and/or filed in the state court are attached as Exhibits A – U to the Loose Declaration filed concurrently with this Notice.

43.     Upon filing the Notice of Removal, Amazon will provide written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Santa Cruz County Superior Court, pursuant to 28 U.S.C. § 1446(d).  Consistent with Civil Local Rule 16-2(b), Amazon will also serve Plaintiff with a copy of the Court's Order Setting Initial Case Management Conference, once filed, and the supplementary materials specified in Civil Local Rule 4-2.

1    Dated: March 24, 2022

2                                              GIBSON, DUNN & CRUTCHER LLP
                                               Timothy W. Loose
3                                              Lauren M. Blas
                                               Kory Hines
4

5
                                               By:   _____/s/ Timothy W. Loose_____
6                                                         Timothy W. Loose
                                                            Lauren M. Blas
7                                                            Kory Hines

8                                              Attorneys for Defendant Amazon.com Services LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION
CASE NO. 5:22-CV-1892