# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID GEORGE WILLIAMS, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all Aggrieved Employees

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
3/18/2021 2:48 PM
Alex Calvo, Clerk
By: Richard Kersten Seago, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Cruz Superior Court
701 Ocean Street
Santa Cruz, CA 95060

CASE NUMBER: *(Número del Caso):*
21CV00718

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Ackermann, Esq., 1180 South Beverly Drive, Suite 610, Los Angeles, California 90035; (310) 277-0635

DATE: 3/18/2021
*(Fecha)*

Clerk, by **ALEX CALVO** , Deputy
*(Secretario)* Richard Kersten Seago *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ  Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | FOR COURT USE ONLY<br>**FILED**<br>3/19/2021<br>Alex Calvo, Clerk<br>By: Richard Kersten Seago<br>Deputy, Santa Cruz County |
|---|---|
| David Williams<br><br>vs<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company | |
| CASE MANAGEMENT INFORMATION AND SETTING | CASE NUMBER:<br>21CV00718 |

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076
   831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060
   831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

---

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE:  07/19/2021**          **TIME:  8:30 A.M.   Santa Cruz Department 4**

**Address of the Court:** 701 Ocean Street, Santa Cruz, California

To Appear remotely through **Zoom** at your Case Management Conference visit our court website
https://www.santacruzcourt.org/content/remote-appearance-0

---


**GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates.



**GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Craig Ackermann, CA Bar No. 229832<br>ACKERMANN & TILAJEF, P.C.<br>1180 S. Beverly Drive, Suite 610, Los Angeles, CA 90035 | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>3/18/2021 2:48 PM<br>Alex Calvo, Clerk<br>By: Richard Kersten Seago, Deputy |
|---|---|
| TELEPHONE NO.: 310-277-0614   FAX NO. *(Optional)*: 310-277-0635<br>ATTORNEY FOR *(Name)*: Plaintiff, the LWDA, and the other Aggrieved Employees | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Santa Cruz Civil Division

CASE NAME:
David George Williams, et al. v. Amazon.com Services LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21CV00718 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 1 - Penalties Pursuant to Labor Code Section 2699, et seq.
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 18, 2021
Craig J. Ackermann, Esq.
(TYPE OR PRINT NAME) ▶ *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice– Physicians & Surgeons
      Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
3/18/2021 2:48 PM
Alex Calvo, Clerk
By: Richard Kersten Seago, Deputy

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, Esq. (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:   (310) 277-0614
Facsimile:   (310) 277-0635

**JOSHUA KLUGMAN, ESQ.**
Joshua Klugman, Esq. (SBN 236905)
esquirejosh@yahoo.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:   (424) 248-5148

*Attorneys for Plaintiff, the LWDA, and the other Aggrieved Employees*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CRUZ

| | |
|---|---|
| DAVID GEORGE WILLIAMS, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all Aggrieved Employees, <br><br> PLAINTIFF, <br><br> v. <br><br> AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; DOES 1 to 50, inclusive, <br><br> DEFENDANTS. | CASE NO. 21CV00718 <br><br> **PAGA REPRESENTATIVE ACTION COMPLAINT FOR:** <br><br> **PENALTIES PURSUANT TO LABOR CODE § 2699, *ET SEQ*. FOR VIOLATIONS OF CALIFORNIA LABOR CODE § 2802** |

- 1 -
REPRESENTATIVE ACTION COMPLAINT

Plaintiff DAVID GEORGE WILLIAMS ("Plaintiff"), on behalf of the people of the State of California and as an "Aggrieved Employee" acting as a private attorney general under the Labor Code Private Attorneys General Act of 2004, § 2699, *et seq.* ("PAGA") complains of Defendants AMAZON.COM SERVICES LLC and DOES 1 to 50 (collectively, "Defendants" or "Amazon") and each of them, and alleges the following upon information and belief:

## INTRODUCTION

1. This is a representative action brought pursuant to Labor Code § 2699, *et seq.*, on behalf of the State of California and the group of Aggrieved Employees defined as follows:

> **The "Aggrieved Employees":**
> Plaintiff and all other California residents who are or were employed by Defendant Amazon.com Services LLC and/or any related Amazon entity, who performed work in an office and who were subject to stay-at-home orders and/or whose offices were closed due to COVID-19 for at least one pay period during the time period from March 15, 2020 to the present and ongoing (the "PAGA Period");

2. Plaintiff, on behalf of himself and all Aggrieved Employees presently or formerly employed by Defendants during the PAGA Period, brings this representative action pursuant to Labor Code § 2699, *et seq.* seeking penalties for Defendants' violation of California Labor Code § 2802. Based upon the foregoing, Plaintiff and all Aggrieved Employees are Aggrieved Employees within the meaning of Labor Code §2699, *et seq.*

## THE PARTIES

3. Plaintiff David George Williams is a resident of California and at all times pertinent hereto worked for Defendants.

4. Plaintiff and all Aggrieved Employees are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendants, and have been hired to work for Defendants in California, performing office work before stay-at-home orders went into effect.

5. Amazon is an American multinational technology company based in Seattle, Washington which focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence. Defendants employed Plaintiff and similarly situated persons as employees within California. Defendants have done and do business throughout the State of California including in

Santa Cruz County.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

7. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Accordingly, all Defendants engaged, suffered, and permitted Plaintiff and all other Aggrieved Employees to perform services from which they benefitted. Moreover, the aforementioned entities had the right to exercise control over the wages, hours and/or working conditions over Plaintiff and all Aggrieved Employees at all relevant times herein, so as to be considered the joint employers of all of the Aggrieved Employees. By reason of their status as joint employers, they are each liable for civil penalties for violation of the California Labor Code as to the Plaintiff and other Aggrieved Employees as set forth herein.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over any and all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

9. This Court has personal jurisdiction over Defendants because Defendants have caused injuries in the County of Santa Cruz and State of California through their acts, and by their violation of the California Labor Code and California state common law.

10. Venue as to each Defendant is proper in this judicial district, pursuant to Code of

Civil Procedure § 395. Defendants operate within California and do business within Santa Cruz County, California. The unlawful acts alleged herein have a direct effect on Plaintiff and all "employees" within the State of California and Santa Cruz County.

11. Further, to the extent that Defendants may claim that Plaintiff has signed an arbitration agreement, venue is still appropriate in the Superior Court of Santa Cruz County as PAGA claims are not arbitrable as a matter of law *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014) (holding "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*").

## COMMON ALLEGATIONS

12. From at least March 15, 2020 and continuing into the present, during which time various work from home orders were in effect in California[1], Plaintiff and the Aggrieved Employees, at the direction of Defendants and/or with Defendants' knowledge and acquiescence, have incurred home office expenses including, among other things, home internet expenses, equipment expenses, electricity, and home office infrastructure expenses, in order to perform necessary work-related duties. Plaintiff, who was employed by Amazon.com Services LLC, was not able to work on premises at Defendants' office location in Silicon Valley, but instead was required to, and did, work from home, like the other Aggrieved Employees. To be clear, Amazon.com Services LLC sent home their California-resident office-based employees during the period from March 15, 2020 to the present without affirmatively reimbursing them for a reasonable portion of their monthly home internet expenses.

13. During the COVID 19 stay at home orders in place during the PAGA Period, Plaintiff and the Aggrieved Employees were expected by Defendants to pay for, and have personally paid for, among other things, home internet service, electricity, and an allocated portion of their home office space, in the discharge of their job duties (the "home office expenses"). These home office expenses were required and necessary for work to be performed. These home internet and home office expenses ranged, but typically amounted to $50 to $100 per month per Aggrieved

---

[1] On March 15, 2020, California Governor Gavin Newsom issued a stay-at-home directive to fight COVID-19, Execute Order N-27-20, which can be found here: gov.ca.gov/wp-content/uploads/2020/03/3.15.2020-COVID-19-Facilities.pdf.

- 4 -
REPRESENTATIVE ACTION COMPLAINT

Employee.

14. Defendants had no policy to affirmatively reimburse all of their employees who were forced to work from home in California during the COVID 19 pandemic for a reasonable portion of their home internet and home office expenses. In sum, Defendants' expense-related policies and/or practices require and expect, and/or with Defendants' knowledge thereof permit, Plaintiff and the Aggrieved Employees to pay for home internet and home office infrastructure expenses incurred in direct consequence of discharging his and their necessary, reasonable, and business-related job duties on behalf of Defendants, without reimbursement in full by Defendants for such expenses, as required by California law.

15. California Labor Code section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by that employee in direct consequence of the discharge of his or her duties." See Cal. Labor Code section 2802(a); *see also* 2802(c) where necessary is defined to include all "reasonable" costs. "The elements of a claim under Section 2802 are: (i) the employee made expenditures or incurred losses; (ii) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (iii) the expenditures or losses were reasonable and necessary." *Marr v. Bank of America*, 2011 U.S. Dist. LEXIS 24868 (N.D. March 8, 2011) (*citing Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 568 (2007). "In addition, the employer 'must either know or have reason to know that the employee has incurred [the] expense.'" *Id.* (*citing Stuart v. RadioShack Corp.*, 641 F.Supp. 2d 901 (N.D.Cal. 2009). Where an employer has knowledge that employees are incurring a reimbursable expense, the employer must "exercise due diligence to ensure each employee is reimbursed." *Marr*, at *1. The right of an employee to expense reimbursements is not waivable. *See* Cal. Labor Code sections 2804 and 219(a). Any contract to waive them is null and void. *Edwards v. Arthur Anderson*, 44 Cal. 4th 937, 951 (2008)

16. Furthermore, under Labor Code section 2802, employers must reimburse employees for all necessary and/or reasonable work-related expenses, regardless of whether or not the employees incurred any additional out-of-pocket expense from that work-related use. *See, Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137 (Cal. Aug. 12, 2014) ("We hold that when

employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills.").

17. Where, as here, employees in California are expected or mandated to use their internet at home for work, courts have held that they incurred cell phone expenses in "direct consequence of the discharge of his or her duties" and were entitled to reimbursement. *See Aguilar v. Zep, Inc.*, 2014 US Dist LEXIS 120315, *54 (N.D.Cal. Aug. 27, 2014) (Hon. Edward Chen) (where outside sales reps used home internet and computers for work, and even admitted that they would have incurred the same expenses without work duties, the court nevertheless held that the employer was obligated to reimburse some reasonable portion of these expenses); see also *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014) (Hon. Edward Chen) (certifying class of home office claims processors with 2802 phone reimbursement claims for landline reimbursements where company required claims processors working from home to have a landline, but rejecting certification of claims for home office supplies as individualized).

18. Defendants are aware or should have been aware that Plaintiff and the Aggrieved Employees regularly incurred and incur home office and cell phone expenses in the discharge of their duties as employees by virtue of Defendants' instructions to Plaintiff and the Aggrieved Employees. Defendants nevertheless have, throughout the PAGA Period, failed and refused to affirmatively reimburse Plaintiff and the Aggrieved Employees for such home office and cell phone expenses incurred by them in connection with their work.

### FIRST CAUSE OF ACTION
### PENALTIES PURSUANT PAGA. LABOR CODE § 2699, *ET SEQ.*
### FOR VIOLATIONS OF LABOR CODE § 2802
### PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS

19. Plaintiff, on behalf of himself and all Aggrieved Employees, realleges and incorporates by reference all previous paragraphs.

20. Based on the above allegations incorporated by reference, Defendants have violated Labor Code § 2802.

21. Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

22. These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees.

23. Pursuant to Labor Code § 2699.3 (a), on January 11, 2021, Plaintiff gave written notice by certified mail to Defendants and to the LWDA of his claims for violations of Labor Code § 2802, including theories supporting these claims as alleged herein. As of the date of this Complaint, the LWDA has not responded to Plaintiff's PAGA letter. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the filing and pursuit of his PAGA claims on behalf of himself and all other current and former Aggrieved Employees of Defendants.

24. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code § 2802.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff prays for the following relief:

1. For penalties and other relief allowable under Labor Code § 2699, *et seq.* for Plaintiff and all Aggrieved Employees because of Defendants' violation of, without limitation, Labor Code § 2802;

2. A civil penalty against Defendants in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and all Aggrieved Employees for each and every pay period during that occurred between March 15, 2020, and the present;

3. An award of reasonable attorney's fees against Defendants as allowed by law, including without limitation, in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

4.      An award of all costs incurred by the undersigned counsel for Plaintiff in connection with Plaintiff's and the Aggrieved Employees' claims against Defendants as allowed by law, including without limitation, Labor Code § 2699(g)(1);

5.      Such other and further relief as this Court may deem proper and just.

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
JOSHUA KLUGMAN, ESQ.

Dated: March 18, 2021

Craig J. Ackermann, Esq.
Joshua Klugman, Esq.
*Attorneys for Plaintiff and Aggrieved Employees*