GIBSON, DUNN & CRUTCHER LLP
Timothy W. Loose, SBN 241037
    tloose@gibsondunn.com
Lauren M. Blas, SBN 296823
    lblas@gibsondunn.com
Ariana Sañudo, SBN 324361
    asanudo@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Kory Hines, *pro hac vice forthcoming*
    khines@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.2453
Facsimile: 212.817.9553

Attorneys for Defendant
Amazon.com Services LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID GEORGE WILLIAMS,<br><br>                    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, SERVICES LLC, a<br>Delaware Limited Liability Company; and<br>Does 1 to 50, inclusive,<br><br>                    Defendants. | CASE NO. 3:22-CV-1892-VC<br><br>**AMAZON.COM SERVICES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT**<br><br>Hearing Date: May 19, 2022<br>Hearing Time: 10:00 a.m.<br>Hearing Place: Courtroom 4<br>Judge: Hon. Vince Chhabria |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 19, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Vince Chhabria in Courtroom 4 of the United States District Court for the Northern District of California at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Amazon.com Services LLC will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing with prejudice Plaintiff's Second Amended Complaint on the ground that it fails to state a plausible claim on which relief can be granted.

Amazon's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

DATED:  March 31, 2022                     GIBSON, DUNN & CRUTCHER LLP


                                           By:    /s/ Timothy W. Loose
                                                  Timothy W. Loose

                                           *Attorneys for Defendant*
                                           *Amazon.com Services LLC*

i

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED ..................................................... 2

III. SUMMARY OF ALLEGED FACTS .................................................................... 2

III.     PROCEDURAL BACKGROUND ..................................................................... 3

IV. LEGAL STANDARDS ........................................................................................ 5

V. ARGUMENT ........................................................................................................ 6

     A.     Plaintiff Fails to Plead That the Alleged Expenses Were Caused by
          Amazon ............................................................................................................ 7

     B.     Plaintiff Fails to Plead That Amazon Knew or Had Reason to Know That
          He or Other Employees Incurred Reimbursable Expenses ............................... 9

     C.     Plaintiff Fails to Plead How the Alleged Expenses Were "Necessary" to
          Discharge His Job Duties ................................................................................ 11

     D.     Plaintiff's Derivative UCL Claim Fails Because the Underlying Alleged
          Violations Fail and No Equitable Relief Is Available .......................................... 13

     E.     Plaintiff's SAC Should Be Dismissed with Prejudice ................................... 14

VI. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)........................................................................................5, 6

*Askins v. U.S. Dep't of Homeland Sec.,*
899 F.3d 1035 (9th Cir. 2018) ...........................................................................6

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
459 U.S. 519 (1983)............................................................................................9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)............................................................................................5

*Bishop v. Mazda Motor of Am., Inc.,*
No. 12-CV-2557-EMC, 2012 WL 5383293 (N.D. Cal. Nov. 1, 2012) ...................6

*Brecher v. Citigroup Glob. Mkts., Inc.,*
2011 WL 3475299 (S.D. Cal. Aug. 8, 2011) ......................................................12

*Cabrera v. S. Valley Almond Co.,*
2021 WL 5967909 (E.D. Cal. Dec. 16, 2021) ......................................................13

*Campbell v. Huffmaster Mgmt., Inc.,*
2022 WL 705825 (E.D. Cal. Mar. 9, 2022) ........................................................7

*Cassady v. Morgan, Lewis & Bockius LLP,*
145 Cal. App. 4th 220 (2006), *as modified* (Dec. 21, 2006).................................7

*In re Century Aluminum Co. Sec. Litig.,*
729 F.3d 1104 (9th Cir. 2013) ...........................................................................5

*Conservation Force v. Salazar,*
646 F.3d 1240 (9th Cir. 2011) ...........................................................................5

*Dawson v. HITCO Carbon Composites, Inc.,*
2017 WL 7806618 (C.D. Cal. Jan. 20, 2017) .....................................................12

*Donohue v. State of California,*
178 Cal. App. 3d 795 (1986) ..............................................................................6

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.,*
No. 14-CV-4809-HSG, 2015 WL 4941780 (N.D. Cal. Aug. 19, 2015)..................14

*Foman v. Davis,*
371 U.S. 178 (1962)...........................................................................................15

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Foon v. Centene Mgmt. Co.*,
  2020 WL 2127078 (E.D. Cal. May 5, 2020) ..........................................................12

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
  42 Cal. 4th 554 (2007) ............................................................................................7

*Gomez v. Jelly Belly Candy Co.*,
  2017 WL 8941167 (C.D. Cal. Aug. 18, 2017).........................................................14

*Hammitt v. Lumber Liquidators, Inc.*,
  19 F. Supp. 3d 989 (S.D. Cal. 2014)........................................................................9

*Hassell v. Uber Techs., Inc.*,
  No. 20-CV-4062-PJH, 2020 WL 7173218 (N.D. Cal. Dec. 7, 2020).................5, 13

*Heredia v. Sunrise Senior Living LLC*,
  2021 WL 819159 (C.D. Cal. Feb. 10, 2021).............................................................14

*Herrera v. Zumiez*,
  953 F.3d 1063 (9th Cir. 2020) .................................................................................13

*Hess v. United Parcel Serv., Inc.*,
  No. 21-CV-93-WHA, 2021 WL 1700162 (N.D. Cal. Apr. 29, 2021) .......................8

*Krauss v. Wal-Mart, Inc.*,
  2019 WL 6170770 (E.D. Cal. Nov. 20, 2019)..........................................................11

*Kwan v. SanMedica Int'l*,
  854 F.3d 1088 (9th Cir. 2017) .................................................................................5

*Leadsinger, Inc. v. BMG Music Publ'g*,
  512 F.3d 522 (9th Cir. 2008) ...................................................................................14

*Lemus v. Denny's Inc.*,
  617 F. App'x 701 (9th Cir. 2015) ..............................................................................8

*Lomely v. JP Morgan Chase Bank, Nat'l Ass'n*,
  No. 12-CV-1194-EJD, 2012 WL 4123403 (N.D. Cal. Sept. 17, 2012)...................14

*McDaniel v. Apex Sys., LLC*,
  No. 20-CV-6073-JST, 2020 WL 12894938 (N.D. Cal. Dec. 14, 2020) .........5, 10, 11, 12

*Morales v. Paschen Mgmt. Corp.*,
  2019 WL 6354396 (C.D. Cal. Sept. 27, 2019) ........................................................10

## TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
    2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) ........................................................................13

*Perez v. DNC Parks & Resorts at Sequoia*,
    2020 WL 4344911 (E.D. Cal. July 29, 2020) ........................................................................15

*Philips v. Ford Motor Co.*,
    726 F. App'x 608 (9th Cir. 2018) ........................................................................14

*Piccarreto v. Presstek, LLC*,
    2017 WL 3671153 (C.D. Cal. Aug. 24, 2017) ........................................................................10

*Roberts v. U.S.O. Camp Shows*,
    91 Cal. App. 2d 884 (1949) ........................................................................7, 9

*Ross v. Sioux Honey Ass'n*,
    No. 12-CV-1645-EMC, 2013 WL 146367 (N.D. Cal. Jan. 14, 2013) ........................................................................6

*Sagastume v. Psychemedics Corp.*,
    2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) ........................................................................12

*Silva v. AvalonBay Cmtys., Inc.*,
    2015 WL 11422302 (C.D. Cal. Oct. 8, 2015) ........................................................................12, 13

*Sisseton-Wahpeton Sioux Tribe v. United States*,
    90 F.3d 351 (9th Cir. 1996) ........................................................................15

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ........................................................................14

*Stuart v. Radioshack Corp.*,
    No. 07-CV-4499-EMC, 2009 WL 281941 (N.D. Cal. Feb. 5, 2009) ........................................................................9

*Townley v. BJ's Rests., Inc.*,
    37 Cal. App. 5th 179 (2019) ........................................................................8

*United Aeronautical Corp. v. U.S. Air Force*,
    2021 WL 4951932 (C.D. Cal. Oct. 25, 2021) ........................................................................5, 15

*Wert v. U.S. Bancorp*,
    2014 WL 2860287 (S.D. Cal. June 23, 2014) ........................................................................12, 13

*Wheat v. J.B. Hunt Transp., Inc.*,
    2016 WL 1397673 (C.D. Cal. Apr. 5, 2016) ........................................................................9

**TABLE OF AUTHORITIES**

*(continued)*

Page(s)

*Wilson v. La Jolla Grp.*,
   61 Cal. App. 5th 897 (2021) ........................................................................7

*Zayers v. Kiewit Infrastructure W. Co.*,
   2017 WL 7058141 (C.D. Cal. Nov. 9, 2017).........................................10

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009), *as amended* (Feb. 10, 2009).....................15

STATUTES

Cal. Bus. & Profs. Code §§ 17200 *et seq.* .........................................2, 13, 14

Cal. Civ. Code §§ 2699 *et seq.*.....................................................................2

Cal. Lab. Code § 2802 ........................................................... *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff David Williams' lawsuit is an ill-disguised effort to exploit the COVID-19 pandemic and government stay-at-home orders.  As Plaintiff details in his Second Amended Complaint (Dkt. 1-23, Ex. 1, "SAC"), state and local orders required Plaintiff to work remotely for a period of time as a mandatory precaution due to the spread of COVID-19.  Plaintiff alleges that as a result of these government stay-at-home orders, he worked remotely.  Even though government authorities effectively ordered him to stay home, he claims Amazon.com Services LLC ("Amazon") should foot the bill for *any* expenses he incurred to work remotely, including basic living costs such as electricity and a portion of his housing expenses.

Plaintiff's claims fail because the law does not require Amazon to reimburse expenses that were caused by government actions.  Plaintiff concedes at paragraph 12 of the SAC that he only worked remotely because he was ordered to do so by state and local authorities.  California's general expense reimbursement statute, Labor Code Section 2802, applies to employers only when a decision of the employer necessarily requires the employee to incur a particular expense.  The statute is meant to prevent employers from getting a windfall by passing on their own expenses to employees.  But Section 2802 does not obligate an employer to fund situations where a third party—here, the government—causes a change in working conditions over which the employer has no control.  Indeed, once the government orders were lifted, Plaintiff was free to return to his physical office at Amazon, confirming that any alleged expenses incurred to work remotely were not the result of any requirement imposed by Amazon.  Because Plaintiff worked remotely only to comply with government orders, his attempt to obtain reimbursement of his living expenses from Amazon is built on a flawed premise, and the SAC must be dismissed.

Even if Amazon were required to pay for "reasonable" expenses incurred by employees to comply with government stay-at-home orders (and it is not), the SAC should still be dismissed because Plaintiff has failed to allege facts showing that Amazon was on notice that Plaintiff had incurred any particular expenses as a result of working remotely.  For example, Plaintiff does not

allege that he ever submitted any reimbursement requests.  Nor does he allege any other facts from which the Court may infer that Amazon was aware that Plaintiff took on any new financial obligations to allow him to work remotely.  His apparent expectation that Amazon should have simply cut him monthly checks for as long as he decided to work remotely—irrespective of when the government's stay-at-home orders were lifted—has no basis in the law.  Only those expenses that an employer "knew or had reason to know" about, which are "necessary" and incurred to "discharge an employee's duties," must be reimbursed under Section 2802.  Plaintiff fails to allege any well-pleaded facts showing how Amazon was put on notice that he was incurring expenses to work remotely.

Plaintiff's SAC admits several key facts that doom his case: his remote-work expenses were necessitated by temporary government orders, and he was free to return to the office once they were lifted; he never submitted a reimbursement request or otherwise put Amazon on notice that he was incurring expenses to work remotely; and he never otherwise told Amazon what amount of expenses he was incurring, how frequently, and why.  Each of these facts, standing alone, is fatal to Plaintiff's case, and the SAC should be dismissed with prejudice.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the SAC contains specific factual allegations showing each essential element of Plaintiff's claims under California Labor Code § 2802, the Unfair Competition Law (Cal. Bus. & Profs. Code §§ 17200 *et seq.* ("UCL")), and the Private Attorneys General Act (Cal. Civ. Code §§ 2699 *et seq.* ("PAGA")) on the theory that Amazon violated Section 2802 by failing to "affirmatively" reimburse its employees for expenses they incurred while working remotely to comply with government stay-at-home orders, despite the absence of any allegations showing the necessity of the expenses or that Amazon knew or had reason to know that they had been incurred.

2.    Whether the SAC should be dismissed with prejudice.

## III.    SUMMARY OF ALLEGED FACTS

Plaintiff was employed by Amazon as a Senior Software Development Engineer and was working for the company when COVID-19 was declared a global pandemic by the World Health

Organization in March of 2020.  SAC ¶ 4.  During his employment, Plaintiff alleges that he was subject to "stay-at-home orders" which prevented him from working from Amazon's offices.  SAC ¶¶ 5, 12 n.1.  Consequently, Plaintiff alleges that he worked remotely while these orders were in effect.  SAC ¶ 4.  He claims he used his home Internet connection, home electricity, and home office "infrastructure" to do so.  SAC ¶¶ 12, 14.  Plaintiff does not allege that any of these expenses were higher than they were before the stay-at-home orders, that he incurred new expenses as a result of complying with the orders, or that any such expenses were necessary to perform his work. For example, Plaintiff does not allege that he did not have home Internet before the pandemic, that he had to upgrade his Internet for work purposes, or that he incurred additional "home infrastructure" expenses in order to follow the stay-at-home orders.  Nor does he offer any allegations about the portion of his Internet, electricity, and "infrastructure" costs that are supposedly attributable to Amazon.  And he does not allege that he notified anyone at Amazon of any remote-work expenses or that he sought reimbursement for them using Amazon's expense reimbursement process.  SAC ¶¶ 18, 21.

Based on these allegations, Plaintiff brings claims for violations of Labor Code Section 2802 and Business & Professions Code Section 17200 on his own behalf and on behalf of employees at 12 particular worksites in California.  SAC ¶¶ 5, 21–39.  He also seeks statutory PAGA penalties for these same alleged violations, but for a potentially larger group of allegedly aggrieved employees.  SAC ¶¶ 5, 40–45.

## III.   PROCEDURAL BACKGROUND

Plaintiff filed this case on March 18, 2021 in Santa Cruz Superior Court, asserting a single cause of action for statutory penalties under PAGA premised on Amazon's alleged failure to "affirmatively" reimburse for remote-work expenses.  Dkt. 1-3.  Plaintiff did not make any class allegations.

On May 5, 2021, Plaintiff filed a First Amended PAGA Representative Action Complaint ("FAC").  Dkt. 1-7.  In the FAC, Plaintiff again sought only PAGA penalties, but expanded on his argument that Amazon allegedly violated the law by not "affirmatively" reimbursing Plaintiff and

those he sought to represent for the expenses they allegedly incurred in the performance of their duties, including cellphone, home Internet, electricity, equipment, and home office infrastructure expenses. *Id.* ¶¶ 12–14, 18. Amazon demurred, arguing that any alleged expenses Plaintiff incurred were direct consequences of government stay-at-home orders, rather than any action taken by Amazon. Dkt. 1-11 at 9–10. Amazon also argued that Plaintiff failed to plead facts showing that Amazon knew or had reason to know about those expenses. *Id.* at 10–12. Amazon further contended that Plaintiff failed to allege how his purported expenses were necessary to the discharge of his duties and moved to strike Plaintiff's allegations that Amazon must reimburse his housing and electricity expenses. *Id.* at 12–15.

The Superior Court issued a one-paragraph order, incorporating by reference its two-page tentative ruling. Dkt. 1-19. The Superior Court concluded that Plaintiff adequately alleged, under California's pleading standards, that he incurred expenses necessary to perform his work, without addressing Amazon's arguments or authorities relating to Amazon's lack of notice about the expenses or the fact that government orders, not Amazon, caused Plaintiff to incur the alleged expenses. *Id.* About six months later, Plaintiff sought leave to amend the complaint a second time to add class allegations. Dkt. 1-23. Amazon did not oppose the addition of the class allegations (but did not and does not concede that class treatment is appropriate). The Superior Court granted leave to amend on February 23, 2022. *Id.*

Plaintiff's SAC differs from his FAC (the complaint to which Amazon had demurred) in several ways. First, in the SAC, Plaintiff crafted a definition for his new putative class, seeking to represent only California resident employees based at 12 identified worksites. SAC ¶¶ 2, 5. Second, Plaintiff abandoned his claim for cellphone expense reimbursement, a claim the Superior Court specifically mentioned in its order overruling Amazon's demurrer to the FAC. Dkt. 1-7 ¶¶ 17–18; Dkt. 1-19. Finally, Plaintiff also added a derivative claim for alleged unfair competition under Business and Professions Code Section 17200. SAC ¶¶ 27–39. Based on these changes, Amazon removed the case to this Court on March 24, 2022. Dkt. 1.

## IV.    LEGAL STANDARDS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (citation and quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" meaning a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[C]onclusory allegations of law and unwarranted inferences . . . are insufficient to avoid dismissal." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citation and quotation marks omitted).  Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In federal court, Section 2802 claims are sufficiently pled only "where the complaint identifies the *particular expenses* that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." *McDaniel v. Apex Sys., LLC*, No. 20-CV-6073-JST, 2020 WL 12894938, at *4 (N.D. Cal. Dec. 14, 2020) (emphasis added) (citation and quotation marks omitted).  Where a plaintiff merely alleges categories of expenses generally incurred by the class members, a court must dismiss the claim, as it cannot assess whether the expenses were "reimbursable as necessary to and in consequence of [their] job duties." *Hassell v. Uber Techs., Inc.*, No. 20-CV-4062-PJH, 2020 WL 7173218, at *3 (N.D. Cal. Dec. 7, 2020) ("Absent allegations establishing that the subject expenses are legally reimbursable, this claim does not cross the line from the possible to the plausible." (citing *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013))).  Further, courts should dismiss matters with prejudice when no additional facts could be pleaded that would convert a legally invalid theory into a valid claim. *See United Aeronautical Corp. v. U.S. Air Force*, 2021 WL 4951932, at *4 (C.D. Cal. Oct. 25, 2021) (appeal filed) (dismissing a FAC with prejudice because "the allegation of additional facts . . . could not possibly cure the deficiency" (citation and quotation marks omitted)).

## V.     ARGUMENT

Plaintiff's SAC should be dismissed because, at bottom, it is premised on the conclusory assertion that Amazon should have "*affirmatively*" reimbursed California employees for unspecified expenses in unspecified and potentially varying amounts at unspecified intervals and with unspecified frequencies—all because state and local authorities, and not Amazon, required nonessential workers to work remotely for a period of time.  SAC ¶¶ 12, 14, 17, 21, 24.  Plaintiff makes this claim despite admitting that Amazon has (and had) written policies in place to facilitate reimbursement requests for expenses (SAC ¶ 18) and admitting, by omission, that he did not make any such requests or otherwise notify Amazon about the fact, nature, frequency, amounts of, or reasons for incurring his expenses.

Importantly, the Superior Court's prior consideration of Amazon's demurrer does not bind this Court, nor does it prevent Amazon from challenging the newly filed SAC.  *See Bishop v. Mazda Motor of Am., Inc.*, No. 12-CV-2557-EMC, 2012 WL 5383293, at *7 (N.D. Cal. Nov. 1, 2012) (granting motion to dismiss despite state court order overruling demurrer of earlier complaint and concluding "the mere fact that the Superior Court overruled the [defendant's] demurrer is insufficient to show that Plaintiff's claims have merit"); *Donohue v. State of California,* 178 Cal. App. 3d 795, 801 (1986) (noting that judges may revisit earlier rulings and stating:  "[I]f the demurrer was overruled by a different judge, the trial judge is equally free [as the original judge] to reexamine the sufficiency of the pleading." (citation and quotation marks omitted)); *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018) ("Once the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint" and is entitled to a ruling on its own merits.).  The SAC presents new issues, including new causes of action, that were not addressed by the Superior Court.  And, this Court must apply federal pleading standards to this motion, which differ from the state pleading standards applied by the Superior Court in ruling on Amazon's demurrer.  *See Ross v. Sioux Honey Ass'n*, No. 12-CV-1645-EMC, 2013 WL 146367, at *18 n.9 (N.D. Cal. Jan. 14, 2013) (dismissing claim based on *Iqbal*'s holding despite state court's overruling of a demurrer to "similar claims").  When federal

pleading standards are applied, the only logical conclusion is that the SAC should be dismissed in its entirety.

### A.     Plaintiff Fails to Plead That the Alleged Expenses Were Caused by Amazon

Labor Code Section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures . . . incurred by the employee in direct consequence of the discharge of his or her duties . . . ."  Cal. Lab. Code § 2802(a).  "[N]ecessary expenditures" are limited to "all reasonable costs."  *Id.* § 2802(c).  The primary elements of a Section 2802 claim are: "(1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were necessary."  *Cassady v. Morgan, Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 230 (2006), *as modified* (Dec. 21, 2006).  In addition to pleading all of these elements, a Section 2802 claimant must plead facts showing that the employer "knew or had reason to know" that the employee incurred a qualifying business-related expense. *See Campbell v. Huffmaster Mgmt., Inc.*, 2022 WL 705825, at *3 (E.D. Cal. Mar. 9, 2022) ("[A]llegations that [the] employer knew or had reason to know of [the employee's] expenses [are] a prerequisite to recovery under [Section 2802].");  *Wilson v. La Jolla Grp.*, 61 Cal. App. 5th 897, 919 (2021) (finding that "liability therefore depends on, for each [employee] and each expense, whether (1) the expense was incurred in direct consequence of the [employee's] work . . . and (2) [the employer] knew or had reason to know that the [employee] incurred such an expense in his or her work . . . .").

As noted, Section 2802's reimbursement obligations are triggered only when expenses are incurred "in direct consequence" of the discharge of an employee's duties.  Cal. Lab. Code § 2802(a).  Section 2802 is "not intended" to allow employees to recover expenses "incurred without the employer's fault."  *Roberts v. U.S.O. Camp Shows*, 91 Cal. App. 2d 884, 886 (1949). The "direct consequence" requirement accordingly has been interpreted as requiring reimbursement only of those expenses "which an ***employer causes*** an employee to incur."  *Gattuso v. Harte-Hanks Shoppers, Inc*., 42 Cal. 4th 554, 565 (2007) (emphasis added).  Here, the alleged

expenses were not "caused" by Amazon, but by stay-at-home orders issued by various government entities.

Plaintiff is not the first to try to capitalize on the pandemic using Section 2802.[1]  In *Hess v. United Parcel Service, Inc.*, the plaintiff was a warehouse supervisor who sued for reimbursement of masks and other personal protective equipment expenses during the pandemic. No. 21-CV-93-WHA, 2021 WL 1700162, at *1 (N.D. Cal. Apr. 29, 2021).  The court dismissed the claim because such items were not required by the plaintiff's specific job duties but were instead purchased in response to local health ordinances.  *Id.* at *5.  Thus, they were not necessary "business expenditures" incurred "for the benefit of" the employer.  *Id.*; *see also Townley v. BJ's Rests., Inc.*, 37 Cal. App. 5th 179, 185 (2019) (employer not obligated to reimburse employee for slip-resistant shoes, even though she was required to wear them on the job, because they were "generally usable in the [restaurant] occupation"); *Lemus v. Denny's Inc.*, 617 F. App'x 701, 703 (9th Cir. 2015) (same).

The same goes for Plaintiff's alleged expenses here:  Plaintiff's theory is that he is entitled to reimbursement for expenses he and the putative class members incurred "***during the stay at home orders and while Defendants' offices were closed***."  *See* SAC ¶¶ 2–4, 12–14 (emphasis added).  The only reason Plaintiff alleges he and the other employees performed work remotely rather than in an Amazon office is that government orders required them to do so.  *Id.*  As such,

---

[1]  Relatedly, Plaintiff's counsel appear to have filed at least *six* other cookie-cutter PAGA complaints against other employers, alleging nearly identical theories and claims as they present in this litigation regarding pandemic expenses.  These cases include:
- *Jernigan v. Pro Unlimited, Inc.* (Super. Ct. L.A. Cnty., No. 21STCV10027) filed March 15, 2021;
- *Robledo v. Accenture LLC* (Super. Ct. Santa Clara Cnty., No. 21CV378685) filed March 26, 2021;
- *Tapia v. Rivo Holdings, LLC* (Super. Ct. San Diego Cnty., No. 37-2021-00046361-CU-OE-CTL) filed November 1, 2021;
- *Senser v. Progressive Cas. Ins. Co.* (Super. Ct. Santa Clara Cnty., No. 21CV390195) filed November 9, 2021;
- *Gonzalez v. Gallagher Bassett Serv. Inc.* (Super. Ct. Orange Cnty., No. 30-2021-01236389-CU-OE-CXC) filed December 15, 2021; and
- *McFall v. Objectwin Tech., Inc.* (Super. Ct. L.A. Cnty., No. 22STCV01633) filed January 14, 2022.

any resulting remote-work expenses were not caused by Amazon's actions, but rather by government orders. *See* Cal. Lab. Code § 2802(a) (limiting liability to expenses incurred "in direct consequence of" discharging the employee's duties); *Wheat v. J.B. Hunt Transp., Inc.*, 2016 WL 1397673, at *4 (C.D. Cal. Apr. 5, 2016) (rejecting plaintiff's argument that she was entitled to reimbursement for a sleep apnea device because she purchased the device to comply with federal regulations for commercial drivers' licenses and incurred the expense at the direction of medical specialists, not her employer). The Court should not "work . . . a radical change in the substantive law" by allowing Plaintiff to proceed on this theory. *Roberts*, 91 Cal. App. 2d at 886.

Because Plaintiff cannot attribute the cause of his remote work to Amazon, amendment would be futile, and the SAC should be dismissed with prejudice.

## B.      Plaintiff Fails to Plead That Amazon Knew or Had Reason to Know That He or Other Employees Incurred Reimbursable Expenses

Plaintiff has never alleged, in any of his three complaints, any facts showing that Amazon knew or had reason to know about the expenses he purportedly incurred to comply with government orders to stay at home. And the Court may not "assume that [Plaintiff] can prove facts which [he] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Here, Plaintiff does not allege that he ever submitted a single reimbursement request, had such a request wrongfully denied, or did anything else to notify Amazon about his purported remote-work expenses, much less advise Amazon of their nature, amount, frequency, or necessity. Plaintiff's SAC merely states that Amazon knew or should have known that he, the putative class, and the PAGA group members "regularly incurred and incur home office expenses in the discharge of their duties as employees" (SAC ¶ 17), but there are no actual *facts* alleged to support that assertion.

It goes without saying that, as "a practical matter, an employer needs information about the expense before it can reimburse the employee." *Stuart v. Radioshack Corp.*, No. 07-CV-4499-EMC, 2009 WL 281941, at *17 (N.D. Cal. Feb. 5, 2009). The absence of any such allegations is fatal to Plaintiff's Section 2802 claim, as recent cases make clear. For example, in *Hammitt v.*

*Lumber Liquidators, Inc.*, the court held that the employer did not need to reimburse an employee who "did not submit reimbursement requests and voluntarily chose not to do so."  19 F. Supp. 3d 989, 1000 (S.D. Cal. 2014).  That is precisely the case here:  Plaintiff does not (and cannot) allege that he ever submitted a reimbursement request for the expenses he now sues over.  Similarly, in *Zayers v. Kiewit Infrastructure West Co.*, the employer required the plaintiff "to wear steel toe boots" on the job, but this "did not trigger [the employer's] duty to reimburse" because the plaintiff "never told anyone" that he did not already have the correct boots and needed to purchase them on his own.  2017 WL 7058141, at *6–7 (C.D. Cal. Nov. 9, 2017).  Likewise, Plaintiff does not allege that he ever advised Amazon that he did not already have the resources he needed to do his job— let alone the cost of those resources—which similarly dooms his effort to hold Amazon liable under Section 2802.  *Id.*; *see also McDaniel*, 2020 WL 12894938, at *4–5 (granting motion to dismiss where court could not "plausibly infer that [the employer] ***knew about*** any unreimbursed expenses associated with employees' use of personal cell phones or personal vehicles" (emphasis added)).

The allegation that Amazon "knew" Plaintiff was working remotely as a result of the stay-at-home orders, without more, is equally insufficient to state a Section 2802 claim.  A court rejected a similar theory in a claim for reimbursement of laundry expenses, finding the allegation that the employer "'knew or should have known' that Plaintiff incurred laundry expenses" simply because it provided a uniform shirt and required Plaintiff to wear it insufficient to state a claim.  *Morales v. Paschen Mgmt. Corp.*, 2019 WL 6354396, at *10–11 (C.D. Cal. Sept. 27, 2019).  Similarly, in *Piccarreto v. Presstek, LLC*, the court declined to find that an employer was liable for relocation expenses, despite being aware of the employee's relocation, because it had no reason to know the "***exact*** relocation expenses he incurred," and the plaintiff "admitted that he neither asked for any reimbursement nor provided [his employer] with receipts for any relocation expenses incurred."  2017 WL 3671153, at *3 (C.D. Cal. Aug. 24, 2017) (emphasis added).

Those cases are equally applicable here.  A bare awareness that an employee has encountered a situation in which reimbursable expenses *could possibly* be incurred is not the same

thing as constructive or actual awareness that an expense has in fact been incurred.  *See McDaniel*, 2020 WL 12894938, at *5 (dismissing Section 2802 claim because, even assuming the employer knew the plaintiffs used personal cellphones and vehicles to attend meetings and communicate with management, the plaintiffs did not allege that they "***themselves*** incurred unreimbursed expenses from using their personal cell phones or vehicles" (emphasis added)).

If that is true when the category of expense at issue is relatively narrow (such as the cost of using a cellphone or doing laundry), it is even more important where the category of expense is vague and broad (such as "relocation" or "home office" expenses).  Plaintiff's own allegations confirm the necessity of this rule:  Absent any sort of notification, how could Amazon know how much Plaintiff was paying for Internet, electricity, or housing (*i.e.*, "an allocated portion of [his] home office space" (SAC ¶ 13)), much less what portion of those costs Plaintiff believed was attributable to the work he was doing for Amazon?  And without that knowledge, how could Amazon be expected to "affirmatively" reimburse employees using anything other than a wild guess?  For this reason, courts routinely dismiss Section 2802 claims that fail to allege facts showing the employer's knowledge with the requisite specificity, and this Court should do the same here.  *See, e.g.*, *Krauss v. Wal-Mart, Inc.*, 2019 WL 6170770, at *5 (E.D. Cal. Nov. 20, 2019) (dismissing claim where plaintiff failed to allege that her employer "even knew that she downloaded this app or purchased these boots").  And because Plaintiff has admitted by omission that he never notified Amazon or gave it reason to know of his specific remote-work expenses, amendment would be futile and the dismissal should be with prejudice.

**C.**     **Plaintiff Fails to Plead How the Alleged Expenses Were "Necessary" to Discharge His Job Duties**

In addition, Plaintiff's Section 2802 claim fails because he has not pleaded that all of the "home office expenses" (including "infrastructure" expenses) were "necessary" to do his job at Amazon.  "Merely alleging failure to reimburse unspecified work-related expenses is not enough to state a Section 2802 claim.  Instead, Section 2802 claims are sufficiently pled where the complaint identifies the *particular expenses* that were not reimbursed and affirmatively alleges

that the expenses were part of the plaintiff's job duties." *McDaniel*, 2020 WL 12894938, at *4 (emphasis added) (citation and quotation marks omitted).

No such expenses are identified here.  Plaintiff states only that he and the other putative class and PAGA group members incurred unspecified "home office expenses . . . in order to perform necessary work-related duties" and that "[t]hese home office expenses were required and necessary for work to be performed."  SAC ¶¶ 12–13.  But there is no way of knowing whether those expenses even qualify for reimbursement under Section 2802, as he does not explain what they are nor does he tie them to any work duties he may have been required to perform.  And he makes no effort at all to do so for the other employees he seeks to represent, who doubtlessly vary in their job duties, responsibilities, and in the resources they need to do their work.

Courts regularly dismiss Section 2802 claims where plaintiffs fail to explain why a particular category of claimed expense is necessary to their job duties.  For example, in *Wert v. U.S. Bancorp*, the court dismissed a Section 2802 claim because there were no factual allegations explaining how "business related materials" were "necessary" to discharge the plaintiff's duties. 2014 WL 2860287, at *6 (S.D. Cal. June 23, 2014).  Similarly, in *Silva v. AvalonBay Communities, Inc.*, the court dismissed a Section 2802 claim because the plaintiff pleaded only that "business-related expenses and costs" were "necessary," without any factual allegations explaining how or alleging "any single specific cost . . . that was not fully reimbursed."  2015 WL 11422302, at *11 (C.D. Cal. Oct. 8, 2015); *see also Brecher v. Citigroup Glob. Mkts., Inc.*, 2011 WL 3475299, at *8 (S.D. Cal. Aug. 8, 2011) ("statement that 'necessary expenditures' were made without reimbursement is precisely the type of bare assertion and conclusory statement that" must be dismissed); *Dawson v. HITCO Carbon Composites, Inc.*, 2017 WL 7806618, at *7–8 (C.D. Cal. Jan. 20, 2017) (same); *Foon v. Centene Mgmt. Co.*, 2020 WL 2127078, at *3 (E.D. Cal. May 5, 2020) (same).

Details regarding the exact nature of the expenses are essential for defendants to defend themselves, because only those expenses that are "necessary" to do one's job are reimbursable. *See, e.g., Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020)

(dismissing Section 2802 claim because plaintiff "failed to provide sufficient information" in her complaint to assess "why she would require the use of her vehicle and cell phone for work-related purposes"); *Hassell*, 2020 WL 7173218, at *2–3 (dismissing claim because Uber drivers failed to allege that they would not have incurred the same vehicle, insurance, and phone expenses anyway, regardless of their alleged duties).  Indeed, the Ninth Circuit recently reversed a denial of judgment on the pleadings in a Section 2802 case where the plaintiff alleged that she was "required to use a personal cell phone and incur related costs" when she was "not at the workplace," yet "failed to include specific, non-conclusory facts about how she made the calls or what costs she incurred." *Herrera v. Zumiez*, 953 F.3d 1063, 1078 (9th Cir. 2020).

Here, due to the vagueness of the terms "home office" and "infrastructure" expenses, Amazon, like the employers in *Wert* and *Silva*, has no way of knowing what those expenses even are, much less whether they were necessary to discharge Plaintiff's job duties.  They could, for example, encompass home office equipment that Plaintiff or other employees purchased for their own convenience (*e.g.*, a designer desk chair) or equipment that has no direct connection to their job duties (*e.g.*, a software engineer whose work is strictly paperless purchasing a color printer). None of those would fall within the ambit of Section 2802.  Accordingly, Plaintiff's failure to specify what the "home office" and/or "infrastructure" expenses were and explain how they were necessary to his job dooms his complaint.  *See, e.g.*, *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *10–11 (E.D. Cal. Oct. 31, 2019) (dismissing Section 2802 claim because plaintiff did not "explain why cell [phone] usage was required for his job"); *Cabrera v. S. Valley Almond Co.*, 2021 WL 5967909, at *4 (E.D. Cal. Dec. 16, 2021) (dismissing Section 2802 claim because "even assuming Plaintiff purchased [tools] without reimbursement, there are no factual allegations . . . supporting a reasonable inference that such purchases were 'incurred in consequence of the discharge of [his] duties'" (citation omitted)).

## D.     Plaintiff's Derivative UCL Claim Fails Because the Underlying Alleged Violations Fail and No Equitable Relief Is Available

The UCL claim, which seeks only restitution, is derivative of the Section 2802 claim, and

therefore fails for the same reasons detailed above.  Where a UCL claim is premised on the same acts alleged in other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed due to the lack of any adequately alleged predicate unlawful acts.  *See Lomely v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 12-CV-1194-EJD, 2012 WL 4123403, at *5 (N.D. Cal. Sept. 17, 2012).

But even if Plaintiff had stated a Section 2802 claim, the UCL claim would still be deficient because that claim is equitable in nature, and Plaintiff has not alleged facts showing he lacks an adequate remedy at law.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("The equitable remedies available under the [UCL] are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'" (citations omitted)).

Nowhere in the SAC does Plaintiff allege that he has an inadequate legal remedy; indeed, the entire SAC is predicated on the allegation that Plaintiff should be given money to reimburse his expenses.  *See SAC ¶¶ 1, 26, 34, 42, 45; Prayer for Relief ¶¶ 3, 5.  There is no pleaded reason why money damages are inadequate to remedy the alleged harm, and that adequate remedy at law requires dismissal of his UCL claim.  *See Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *1 (C.D. Cal. Aug. 18, 2017) (dismissing with prejudice equitable claims under UCL because "courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole"); *accord Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-CV-4809-HSG, 2015 WL 4941780, at *9 (N.D. Cal. Aug. 19, 2015); *Heredia v. Sunrise Senior Living LLC*, 2021 WL 819159, at *4–5 (C.D. Cal. Feb. 10, 2021).  Plaintiff has not and cannot make that showing; thus, his UCL claim should be dismissed.

### E.      Plaintiff's SAC Should Be Dismissed with Prejudice

A district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting

*Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to her claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (brackets, citation, and quotation marks omitted).  In particular, the futility and prior amendment factors can be dispositive.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996).

Given the fatal defects discussed above, there is no version of the facts that can change what the government did during the early days of the pandemic or that can change what Plaintiff failed to do (*i.e.*, submit a reimbursement request).  *See Perez v. DNC Parks & Resorts at Sequoia*, 2020 WL 4344911, at *10 (E.D. Cal. July 29, 2020) (dismissing a Section 2802 claim with prejudice and finding that allowing further amendment "would be futile and prejudicial to defendants" where plaintiffs already amended but could muster "only the anemic allegations that defendants failed to reimburse them for generic black shoes and shirts" (footnote omitted)); *United Aeronautical*, 2021 WL 4951932, at *4 (dismissing a FAC with prejudice because "the allegation of additional facts . . . could not possibly cure the deficiency" (citation and quotation marks omitted)).  As such, there is no set of facts under which Plaintiff can plausibly allege that Amazon violated Section 2802, and granting leave to amend would be futile.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff's SAC should be dismissed in its entirety and leave to amend should be denied.  Plaintiff should not be allowed to reap a windfall for complying with mandatory government stay-at-home orders, especially when he never submitted a reimbursement request or otherwise put Amazon on notice of any specific allegedly reimbursable expenses.

Dated: March 31, 2022                          GIBSON, DUNN & CRUTCHER LLP


                                        By:    */s/ Timothy W. Loose*
                                               Timothy W. Loose
                                               *Attorneys for Defendant*
                                               *Amazon.com Services LLC*