UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC, et al.,<br><br>        Defendants. | Case No. 22-cv-01892-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

The motion to dismiss is granted in part and denied in part with leave to amend. If Williams chooses to file an amended complaint, it is due within 14 days of this order, with a response (to the original complaint or the amended one) due 14 days after that.

1. Williams has plausibly stated a claim under California Labor Code section 2802 for reimbursement of expenses he incurred while working from home during the COVID-19 pandemic. Amazon contends that any expenses Williams incurred were the result of government stay-at-home orders, not any action by Amazon. But even if true, that does not absolve Amazon of liability. What matters is whether Williams incurred those expenses "in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Labor Code § 2802(a). According to the complaint, Amazon expected Williams to continue to work from home after the stay-at-home orders were imposed. That is sufficient to plausibly allege liability, even if Amazon itself was not the but-for cause of the shift to remote work.

Williams also plausibly alleges that his expenditures were necessary to do his job. According to the complaint, he is a senior software development engineer for Amazon, a large tech company that "focuses on e-commerce, cloud computing, digital streaming, and artificial

intelligence." His job duties include software development, "writing design documents for software systems and reviewing those designs with various teams, performing code reviews for other developers, and being on call for production system." Discharging those duties plausibly requires the use of physical space, internet, and electricity.

The complaint also plausibly alleges that Amazon had reason to know that Williams incurred these business expenses, even though he did not explicitly request reimbursement. *See Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 902–04 (N.D. Cal. 2009) (rejecting an exhaustion defense). Amazon, a major tech company, surely knew—or at the very least, had reason to know—that its software development engineers who worked from home during the pandemic were incurring basic costs related to that work.

2. The UCL claim is dismissed with leave to amend. The complaint does not attempt to allege that Williams lacks an adequate remedy at law such that equitable relief may be available. *See Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 844 (9th Cir. 2020); *Cepelak v. HP Inc.*, 2021 WL 5298022, at *2–3 (N.D. Cal. Nov. 15, 2021).

3. Williams' PAGA claim rises and falls with his section 2802 claim and therefore will remain in the action.

**IT IS SO ORDERED.**

Dated: June 1, 2022

_____
VINCE CHHABRIA
United States District Judge