**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, Esq. (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:     (310) 277-0614
Facsimile:       (310) 277-0635

**JOSHUA KLUGMAN, ESQ.**
Joshua Klugman, Esq. (SBN 236905)
esquirejosh@yahoo.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:     (424) 248-5148

*Attorneys for Plaintiff, the Class, the LWDA, and the other Aggrieved Employees*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID GEORGE WILLIAMS, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all Aggrieved Employees,<br><br>PLAINTIFF,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; DOES 1 to 50, inclusive,<br><br>DEFENDANTS. | CASE NO. 3:22-CV-1892-VC<br><br>**PLAINTIFF'S THIRD AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); AND**<br>**(2) PENALTIES PURSUANT TO LABOR CODE § 2699, *ET SEQ.*** |

Plaintiff DAVID GEORGE WILLIAMS ("Plaintiff"), on behalf of the Aggrieved Employees, the State of California, and all others similarly situated (hereinafter "Class Members") complains of Defendants AMAZON.COM SERVICES LLC and DOES 1 to 50 (collectively, "Defendants" or "Amazon") and each of them, and alleges the following upon information and belief:

## INTRODUCTION

1. This is a class action brought pursuant to Fed. R. Civ. P. 23 and a representative action brought pursuant to California Labor Code § 2699, *et seq.*, on behalf of the State of California against Defendants for its (1) failure to reimburse its current and former employees for their home office expenses in California for which they have not been fully reimbursed; and (2) PAGA penalties based on the foregoing.

2. The "Class" or "Class Members" are defined as follows: Plaintiff and all other California residents who are or were employed by Defendants, who are or were based at one of Defendants' office locations in California (buildings located as 10201 Torre Avenue, Cupertino, California 95014; 1900 University Avenue, East Palo Alto, California 94303; 475 Sansome Avenue, San Francisco, California 94111; 188 Spear Street, San Francisco, California 94105; 96 East San Fernando Street, San Jose, California 95113; 110 Cooper Street, Santa Cruz, California 95060; 1007 Monterey Street, San Luis Obispo, California 93401; 1620 26th Street, Santa Monica, California 90404; 1100 Enterprise Way, Sunnyvale, California 94089; 40 Pacifica Avenue, Irvine, California 92618; 2400 Marine Avenue, Redondo Beach, California 90278; and 2727 Kurtz Avenue, San Diego, California 92110) (collectively, the "Office Locations"), who worked from home for at least one pay period during the Class Period (i.e., from March 15, 2020 to the present), and who were assigned a registered USB security key and a Midway Pin by Defendants during the Class Period to facilitate their ability to connect to Amazon's network and servers while working remotely for Defendants during the Class Period.

3. The "Aggrieved Employees" are defined as: Plaintiff and all other California residents who are or were employed by Defendants, who are or were based at one of Defendants' Office Locations in California, who worked from home for at least one pay period during the PAGA Period (i.e., from March 15, 2020 to the present), and who were assigned a registered USB security key and

a Midway Pin by Defendants during the PAGA Period to facilitate their ability to connect to Amazon's network and servers while working remotely for Defendants during the PAGA Period.

### THE PARTIES

4. Plaintiff David George Williams is a resident of California and at all times pertinent hereto worked for Defendants as a Senior Software Development Engineer. Plaintiff's job duties included developing software for Defendants' Alex voice assistant (in the Swift language for iPhone and in Java for cloud-based web services), writing design documents for software systems and reviewing those designs with various teams, performing code reviews for other developers, and being on call for production system. While employed by Defendants, Plaintiff lived at 222 Kingsbury Drive, Aptos, California 95003. Prior to the COVID-19 stay-at-home orders, Plaintiff worked for Defendant at its office location at 110 Cooper Street, Santa Cruz, California, 95060. During the stay-at-home orders and while Defendants' offices were closed, Plaintiff worked remotely from his home address in California. On information and belief, the vast majority, if not all, of the Aggrieved Employees and Class Members also worked from home while residing in California during the stay and home orders and while Defendants' offices were closed.

5. Plaintiff and all Aggrieved Employees are, and at all times pertinent hereto, have been employees of Defendants, and have been hired to work for Defendants in California, performing office work before stay-at-home orders went into effect. Plaintiff seeks to represent those employees who were based at any of Defendants' Office Locations (as defined herein) that were closed at various times during the pandemic.

6. Amazon is an American multinational technology company based in Seattle, Washington which focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence. Defendants employed Plaintiff and similarly situated persons as employees within California. Defendants have done and do business throughout the State of California including in Santa Cruz County.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based

thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

8. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Accordingly, all Defendants engaged, suffered, and permitted Plaintiff, the Class, and all other Aggrieved Employees to perform services from which they benefitted. Moreover, the aforementioned entities had the right to exercise control over the wages, hours and/or working conditions over Plaintiff, the Class, and all Aggrieved Employees at all relevant times herein, so as to be considered the joint employers of all of the Class Members and Aggrieved Employees. By reason of their status as joint employers, they are each liable for civil penalties for violation of the California Labor Code as to the Plaintiff, the Class, and other Aggrieved Employees as set forth herein.

**JURISDICTION AND VENUE**

9. On March 18, 2021, Plaintiff filed a PAGA Representative Action Complaint ("Original Complaint") against Defendants in Santa Cruz County Superior Court, Case No. 21CV00718. On May 5, 2021, Plaintiff filed a First Amended Complaint in Santa Cruz County Superior Court, and on February 22, 2022, Plaintiff filed a Second Amended Complaint in Santa Cruz County Superior Court adding class allegations. On March 24, 2022, Defendants removed Plaintiff's Santa Cruz County Superior Court action to this Court invoking diversity of citizenship under the Class Action Fairness Act ("CAFA"). The parties agree this Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(d). *See* ECF No. 1, ¶ 40.

10. On March 28, 2022, this action was re-assigned from the United States District Court for the Northern District of California, San Jose Division, to the United States District Court for the Northern District of California, San Francisco Division, pursuant to the Caseload Rebalancing Pilot Program. *See* ECF Nos. 12, 13.

# FACTS

11.   From at least March 15, 2020, and continuing into the present, during which time various work from home orders were in effect in California[1], Plaintiff, the Class, and the Aggrieved Employees, at the direction of Defendants and/or with Defendants' knowledge and acquiescence, have incurred home office expenses including, among other things, home internet expenses, equipment expenses, electricity, and home office infrastructure expenses, in order to perform necessary work-related duties.  Plaintiff, who was employed by Amazon.com Services LLC, was not able to work on premises at Defendants' office location in Silicon Valley, but instead was required to, and did, work from home, like the other Class Members and Aggrieved Employees. To be clear, Amazon.com Services LLC sent home their California-resident office-based employees during the period from March 15, 2020 to the present without affirmatively reimbursing them for a reasonable portion of their monthly home internet expenses.

12.   During the COVID 19 stay at home orders in place during the Class Period, Plaintiff the Class, and the Aggrieved Employees were expected by Defendants to pay for, and have personally paid for, among other things, home internet service, electricity, and an allocated portion of their home office space, in the discharge of their job duties (the "home office expenses"). These home office expenses were required and necessary for work to be performed. These home internet and home office expenses ranged, but typically amounted to $50 to $100 per month per Class Member and Aggrieved Employee.

13.   Defendants had no policy to affirmatively reimburse all of their employees who were forced to work from home in California during the COVID 19 pandemic for a reasonable portion of their home internet and home office expenses. In sum, Defendants' expense-related policies and/or practices require and expect, and/or with Defendants' knowledge thereof permit, Plaintiff, the Class, and the Aggrieved Employees to pay for home internet and home office infrastructure expenses incurred in direct consequence of discharging his and their necessary, reasonable, and business-related job duties on behalf of Defendants, without reimbursement in full by Defendants for such expenses, as required by California law. California Labor Code section 2802 requires an employer to

---

[1] On March 15, 2020, California Governor Gavin Newsom issued a stay-at-home directive to fight COVID-19, Execute Order N-27-20, which can be found here: gov.ca.gov/wp-content/uploads/2020/03/3.15.2020-COVID-19-Facilities.pdf.

"indemnify his or her employee for all necessary expenditures or losses incurred by that employee in direct consequence of the discharge of his or her duties." See Cal. Labor Code section 2802(a); *see also* 2802(c) where necessary is defined to include all "reasonable" costs. "The elements of a claim under Section 2802 are: (i) the employee made expenditures or incurred losses; (ii) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (iii) the expenditures or losses were reasonable and necessary." *Marr v. Bank of America*, 2011 U.S. Dist. LEXIS 24868 (N.D. March 8, 2011) (*citing Gattuso v. Harte-Hanks Shoppers, Inc.,* 42 Cal.4th 554, 568 (2007)). "In addition, the employer 'must either know or have reason to know that the employee has incurred [the] expense.'" *Id.* (*citing Stuart v. RadioShack Corp.*, 641 F.Supp. 2d 901 (N.D.Cal. 2009)). Where an employer has knowledge that employees are incurring a reimbursable expense, the employer must "exercise due diligence to ensure each employee is reimbursed." *Marr*, at *1. The right of an employee to expense reimbursements is not waivable. *See* Cal. Labor Code sections 2804 and 219(a). Any contract to waive them is null and void. *Edwards v. Arthur Anderson*, 44 Cal. 4th 937, 951 (2008). Furthermore, under Labor Code section 2802, employers must reimburse employees for all necessary and/or reasonable work-related expenses, regardless of whether or not the employees incurred any additional out-of-pocket expense from that work-related use. *See, Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137 (Cal. Aug. 12, 2014) ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills.").

14.  Where, as here, employees in California are expected or mandated to use their internet at home for work, courts have held that they incurred expenses in "direct consequence of the discharge of his or her duties" and were entitled to reimbursement. *See Aguilar v. Zep, Inc.,* 2014 US Dist LEXIS 120315, *54 (N.D.Cal. Aug. 27, 2014) (Hon. Edward Chen) (where outside sales reps used home internet and computers for work, and even admitted that they would have incurred the same expenses without work duties, the court nevertheless held that the employer was obligated to reimburse some reasonable portion of these expenses); see also *Ritchie v. Blue Shield of California*,

2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014) (Hon. Edward Chen) (certifying class of home office claims processors with 2802 phone reimbursement claims for landline reimbursements where company required claims processors working from home to have a landline, but rejecting certification of claims for home office supplies as individualized).

15. Defendants are aware or should have been aware that Plaintiff, the Class, and the Aggrieved Employees regularly incurred and incur home office expenses in the discharge of their duties as employees by virtue of Defendants' instructions to Plaintiff, the Class, and the Aggrieved Employees. Defendants nevertheless have, throughout the Class and PAGA Periods, failed and refused to affirmatively reimburse Plaintiff, the Class, and the Aggrieved Employees for such home office expenses incurred by them in connection with their work. Moreover, Defendants maintained a uniform, illegal policy to only allow reimbursement requests for incremental increases in home internet expenses during the Class Period, and to not reimburse a reasonable portion of pre-existing and continuing home internet expenses even when Plaintiff and Class Members' home internet was used to conduct all of their work from home.

16. Concerning Defendants' potential defenses based on its issuance of its written reimbursement policies allowing California resident employees to seek reimbursement for home internet expenses during the pandemic, the various decisions issued by Judge Edward Chen in *RadioShack* are instructive. To begin, in his decision granting class certification in *Stuart v. Radio Shack*, 2009 US Dist. LEXIS 12337 (N.D.Cal. Feb. 5, 2009), Judge Chen first discussed RadioShack's argument and defenses, similar to Defendants' here, that: (1) RadioShack had promulgated a uniform and largely compliant written mileage reimbursement policy allowing its assistant managers to seek reimbursement for mileage expenses incurred during work-related trips in their personal vehicles between its stores (Id. at *10-11); and (2) that unique defenses would arise as applied to the named plaintiff, sufficient to defeat class certification, because the named plaintiff either lacked knowledge of the applicable written policy and/or had waived his claims to reimbursement for his mileage expenses by failing to seek reimbursement under RadioShack's written reimbursement policies (Id. at *18-19).

17. Describing RadioShack's proffered defense as "something akin to exhaustion" (Id. at

*19), the Court summarized RadioShack's position that its "obligation [to reimburse] was not triggered unless and until an employee actually made a claim for reimbursement…" Id. The Court noted that resolution of this exhaustion defense would "turn largely on common and relatively simple facts." Id. at *24. The Court went back and forth on the arguments, dealing with them for the first time. The Court noted, for instance, later in the decision that the exhaustion defense applied to numerous employees since "many employees did not submit formal reimbursement requests." (Id. at *47-48). It added: "there is a question whether the exhaustion defense is even viable." Id. The Court then summarized the plaintiff's view that Section 2804 of the Labor Code precludes the exhaustion defense as a matter of law, and he expressed doubts as to that argument. Id. at *48. The Court then noted the possibility that although the statute indicates that employers "shall" reimburse business expenses, which seems mandatory, it may not mean that they have to do so "when there has been no request" (Defendants' position here). Id. at *49. The Court opined that, practically speaking, employers ordinarily need information about an expense incurred before they can reimburse employees for such expenses. Id. at *50. On the other hand, the Court added that employers should not be able to sit back and wait for a claim for reimbursement, at least where the employer has deterred employees from seeking reimbursement. Id. In conclusion, at the initial certification phase, the Court concluded: "While the Court need not decide precisely the parameters of the employer's obligation under Section 2802 to inform and perhaps encourage employees to submit reimbursement claims (or whether an exhaustion defense applies at all), the relevant question here is whether the exhaustion defense (if available) requires such individualized determination such that common questions do not predominate. The Court concludes it does not. The parameters of the employer's obligation, and thus conversely the viability of the exhaustion defense, are likely to be judged by a reasonable person standard. Most of the relevant facts (the terms of the reimbursement policy, its general interpretation by management, whether it was publicized companywide, etc.) are common. While there might be some individualized inquiries as to whether actions of individual store or district managers might have taken steps to fulfill the employer's obligation under the California Labor Code (*e.g.*, by actively encouraging employees to submit reimbursement claims), the common questions are likely to predominate. Moreover, as noted above, even if the exhaustion defense were found to

be viable, its impact on class member's entitlement to relief will be a simple matter to determine. That determination will not undermine the overarching common questions on the core question of liability -- did RadioShack violate Section 2802 by not reimbursing employees for ICSTs [inter-store transfers]?" (Id. at *52-53). In a nutshell, after this initial foray into the intellectual landscape of the possible ways of understanding Section 2802 and the employer's obligation to reimburse and when it is triggered, the Court simply certified the Class and punted on the exact parameters of when liability may be triggered and whether there could be an exhaustion defense.

18.  Several months later, however, Judge Chen specifically addressed the contours of when liability is triggered by employers under Section 2802 and RadioShack's exhaustion and other waivers defenses. *See Stuart v. RadioShack Corp.*, 641 F.Sup.2nd 901 (April 30, 2009). The Court at that time summarized its thinking as follows: "The Court is not persuaded that either party's construction is appropriate. Mr. Stuart's contention is that the duty to reimburse is triggered once the expense is incurred by the employee irrespective of any other circumstance. However, if the employer had no knowledge or reason to know that the expense was incurred and the employee withheld that information, it would hardly seem fair to hold the employer accountable, particularly when, under the California Labor Code Private Attorneys General Act, an employer may be held liable for civil penalties and attorney's fees for a failure to reimburse in accordance with Section 2802. *See* Cal. Lab. Code section 2699(a), (f), (g). In turn, RadioShack's contention is that the duty to reimburse is triggered *only* when an employee makes a request for reimbursement even if the employer knew or had reason to know the expense was incurred. While the employee, rather than the employer, is in the best position to know when he or she has incurred an expense and the details of that expense, *see* Docket No. 65 (Order at 24), such a narrow construction is at war with Section 2802's "strong public policy . . . favor[ing] the indemnification (and defense) of employees by their employers for claims and liabilities resulting from the employees' acts within the course and scope of their employment." *Edwards v. Arthur Anderson*, 44 Cal.4th 937, 952 (2008) (internal quotation marks omitted). … The Court concludes that a fair interpretation of Sections 2802 and 2804 which produces 'practical and workable results,' *Gattuso*, at 567, consistent with the public policy underlying those sections, focuses not on whether an employee makes a request for reimbursement

but rather on whether the employer either knows or has reason to know that the employee has incurred a reimbursable expense. If it does, it must exercise due diligence to ensure that each employee is reimbursed." *Id.* at 902-903. Accordingly, based on this standard and applying this test, RadioShack's defenses premised on the failure of employees to submit for reimbursement, including estoppel, waiver, laches, equitable estoppel, were all subsequently rejected by the Court. *See Stuart v. RadioShack Corp.*, 259 F.R.D. 200, 202-203 (N.D. Cal. August 28, 2009) (quoting its earlier rulings). The Court's rationale for rejecting RadioShack's estoppel defenses is particularly pertinent here: "With respect to estoppel, RadioShack claims that, because Mr. Stuart (and presumably other class members) did not submit reimbursement requests, it had no reason to believe that he had any expenses to reimburse. *See* Docket No. 131 (Def.'s Br. at 6). However, this ignores the undisputed evidence that information about intercompany store transfers ("ICSTs") was maintained in RadioShack's database. The parties do not disagree that RadioShack knew about the ICST information on the database and that RadioShack was able, for the most part, to identify which employees had performed the ICSTs. Hence, given the records in RadioShack's position, RadioShack could not reasonably rely on employee failure to request reimbursement." *Id*. at 204-205.

19. In other words, where, as here (where Defendants closed their offices and sent all employees home to work from home, and use their home internet, in California), a company knows that business related expenses are being incurred by employees, it cannot simply hide behind its reimbursement policy and fail to affirmatively reimburse employees.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a Class composed of and defined as *Plaintiff and all other California residents who are or were employed by Defendants, who are or were based at one of Defendants' Office Locations in California (as defined in paragraph 2, herein), who worked from home for at least one pay period during the Class Period (i.e., from March 15, 2020 to the present), and who were assigned a registered USB security key and a Midway Pin by Defendants during the Class Period to facilitate their ability to connect to Amazon's network and*

*servers while working remotely for Defendants during the Class Period* ("Class Members"). All such Class Members were subject to Defendants' policy and practice of not fully reimbursing home office expenses.

21.  This action has been brought and may properly be maintained as a class action under Fed. R. Civ. P. 23 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

   a.  <u>Numerosity</u>:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. On information and belief, Defendants employed several thousand employees that were subject to Defendants' unlawful reimbursement policy during the Class Period. The Class Members are dispersed throughout California. Joinder of all members of the proposed classes is therefore not practicable.

   b.  <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

      i.  Whether Plaintiff and Class Members incurred unreimbursed business expenses in the discharge of their duties, including but not limited to home office expenses, in violation of Labor Code § 2802;

      ii.  Whether Defendants intended, suffered and/or permitted, and/or knew and/or should have known that Plaintiff and Class Members incurred unreimbursed home office expenses, in the discharge of their duties;

      iii.  The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

      iv.  The nature and extent of class-wide damages.

   c.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses.

   d.  <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class and will fairly

and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of Class and Class Members. Counsel who represents Plaintiff are competent and experienced in litigating large wage and hour class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

      e.    <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices of not fully reimbursing home office expenses. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful home office expense reimbursement policies and/or practices, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**FIRST CAUSE OF ACTION**
**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**
**[Cal. Labor Code section 2802)**
**On Behalf of Plaintiff and the Class Against Defendants**

22. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

23. The actional period for this cause of action is March 15, 2020, to the present and ongoing.

24. Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her

employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Section 2802(c) defines "necessary" to include all "reasonable costs."

25. In order to discharge their duties for Defendants during stay-at-home orders and/or when Defendants' offices were closed, Plaintiff and similarly situated Class Members regularly incurred home office expenses in the discharge of their duties as employees by virtue of Defendants' instructions to Plaintiff and the Class. Defendants nevertheless have, throughout the Class Period, failed and refused to affirmatively reimburse Plaintiff, the Class, and the Aggrieved Employees for such home office expenses incurred by them in connection with their work

26. Although having knowledge of such usage, Defendants did not reimburse Plaintiff and similarly situated Class Members for a reasonable percentage of their work-related expenses, as required by California law as stated in *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137 (August 12, 2014) ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills."). *See also, Aguilar v. Zep, Inc.,* 2014 US Dist LEXIS 120315, *54 (N.D.Cal. Aug. 27, 2014) (Hon. Edward Chen) (where outside sales reps used home internet and computers for work, and even admitted that they would have incurred the same expenses without work duties, the court nevertheless held that the employer was obligated to reimburse some reasonable portion of these expenses); *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014) (Hon. Edward Chen) (certifying class of home office claims processors with 2802 phone reimbursement claims for landline reimbursements where company required claims processors working from home to have a landline, but rejecting certification of claims for home office supplies as individualized).

27. Defendants' failure to pay for or reimburse the work-related business expenses of Plaintiff and Class Members violated non-waivable rights secured to Plaintiff and Class Members by Labor Code §2802. See Labor Code §2804. Plaintiff and similarly situated Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs,

under Labor Code § 2802(c).

## SECOND CAUSE OF ACTION
### PENALTIES PURSUANT PAGA. LABOR CODE § 2699, *ET SEQ.*
#### FOR VIOLATIONS OF LABOR CODE § 2802
#### PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS

28. Plaintiff, on behalf of himself, and all Aggrieved Employees, realleges and incorporates by reference all previous paragraphs. Based on the above allegations incorporated by reference, Defendants have violated Labor Code § 2802.

29. Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

30. These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees.

31. Pursuant to Labor Code § 2699.3 (a), on January 11, 2021, Plaintiff gave written notice by certified mail to Defendants, and to the LWDA of his claims for violations of Labor Code § 2802, and theories supporting these claims as alleged herein. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the filing and pursuit of his PAGA claims on behalf of himself and all other current and former Aggrieved Employees of Defendants.

32. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code § 2802.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

1. An Order that this action may proceed and be maintained as a class action:

2. That the Court find and declare that Defendants' business expense policies and/or practices violate California law, including Labor Code § 2802, by refusing and/or failing to reimburse all business expenses reasonably incurred by Plaintiff and other Class Members in the discharge of their duties in California as employees of Defendants;

3. That the Court award to Plaintiff and Class Members all unreimbursed business expenses, and interest thereon, that they are owed, pursuant to Labor Code § 2802, and attorneys' fees, pursuant to Labor Code § 2802(c), in an amount to be proved at trial;

4. For penalties and other relief allowable under Labor Code § 2699, *et seq*. for Plaintiff and all Aggrieved Employees because of Defendants' violation of, without limitation, Labor Code § 2802;

5. A civil penalty against Defendants in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and all Aggrieved Employees for each and every pay period during the PAGA Period;

6. An award of reasonable attorney's fees against Defendants as allowed by law, including without limitation, in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel;

7. An award of all costs incurred by the undersigned counsel for Plaintiff in connection with Plaintiff's and the Aggrieved Employees' claims against Defendants as allowed by law, including without limitation, Labor Code § 2699(g)(1);

8. Such other and further relief as this Court may deem proper and just.

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
JOSHUA KLUGMAN, ESQ.

Dated: June 15, 2022

Craig J. Ackermann, Esq.
Joshua Klugman, Esq.
*Attorneys for Plaintiff, the Class, the LWDA, and the other Aggrieved Employees*