**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
Avi Kreitenberg (SBN 266571)
ak@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Phone: (310) 277-0614
Fax: (310) 277-0635

**JOSHUA KLUGMAN, ESQ.**
Joshua Klugman (SBN 236905)
esquirejosh@yahoo.com
9538 Pico Boulevard, Suite 200
Los Angeles, California 90035
Phone: (424) 248-5148

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID GEORGE WILLIAMS, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all Aggrieved Employees<br><br>PLAINTIFF,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 TO 50,<br><br>DEFENDANTS. | CASE NO.:  3:22-CV-01892-VC<br><br>**SECOND REVISED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: July 13, 2023<br>Hearing Time: 1:00 p.m.<br>Hearing Place: Courtroom 5<br>Judge:  Honorable Vince Chhabria<br><br>Action Filed: March 18, 2021<br>FAC Filed: May 5, 2021<br>SAC Filed: March 8, 2022<br>Removal Date: March 24, 2022<br>TAC Filed: June 21, 2022 |

## ORDER GRANTING PRELIMINARY APPROVAL

The Motion for Preliminary Approval of a Class Action Settlement came before this Court, on July 13, 2023, the Honorable Vince Chhabria presiding.  The Court having considered the papers submitted in support of the application of the parties, HEREBY ORDERS THE FOLLOWING:

1.      The Court grants preliminary approval of the Settlement and the Settlement Class based upon the terms set forth in the Settlement Agreement and Release of Class Action ("Settlement Agreement") filed with the Declaration of Craig J. Ackermann on or around July 8, 2023 and the Supplemental Brief in Support of Motion for Order Granting Preliminary Approval of Class Action Settlement ("Supplemental Brief") filed on or around July 20, 2023.  All terms used herein shall have the same meaning as defined in the Settlement Agreement and Supplemental Brief.  The settlement set forth in the Settlement Agreement and Supplemental Brief appears to be fair, reasonable, and adequate to the Class.  *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2015); *see also Hunt v. VEP Healthcare, Inc.*, 2017 WL 3608297 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Services of America, Inc.*, 2016 WL 3390477 (N.D. Cal. May 20. 2016).

2.      The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval stage as it will be at the final approval stage.  *See Cotter*, 193 F. Supp. 3d at 1036–37. The Court finds that certification is appropriate under each of the elements of Rule 23(a) and Rule 23(b)(3) for settlement purposes, and that Plaintiff has established the elements necessary to certify a settlement class, and that common issues predominate for settlement purposes.

3.      The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.

4.      A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees and costs to Class Counsel, and the Class Representative's Service Award should

be finally approved as fair, reasonable and adequate as to the members of the Class is scheduled in Courtroom 5 on the date and time set forth in the implementation schedule in Paragraph 10 below.

5.    This Court approves, as to form and content, the Class Notice, in substantially the form attached hereto as **Exhibit 1**. The Court approves the procedure for Class Members to participate in, to opt out of, and to object to, the Settlement as set forth in the Settlement Agreement. The requirement of submitting a written objection as a prerequisite to appear in Court to object to the settlement may be excused upon a showing of good cause. The Court requires only substantial compliance with the requirements for submitting an objection.

6.    The Court directs the mailing of the Class Notice by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Class Notice, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7.    It is ordered that the Settlement Class is preliminarily certified for settlement purposes only. The Settlement Class is defined as: "Plaintiff and all other individuals who are or were employed by Defendant, based at one of Amazon's nine California office locations (SJC3, SJC15, SFO10, SFO13, MRY11, SBP10, LAX10, SJC11, and SNA3) who worked remotely for at least one pay period during the Class Period, who were assigned a registered USB security key and a Midway Pin by Amazon, and who neither received some amount of home Internet expense reimbursement for each month of their employment during the Class Period nor testified that they had been reimbursed at least a reasonable portion of their home Internet expenses during the Class Period."

8.    The Court appoints Plaintiff David George Williams as Class Representative, and appoints Craig J. Ackermann, Brian Denlinger, and Avi Kreitenberg of Ackermann & Tilajef, P.C. and Joshua Klugman of Joshua Klugman, Esq. as Class Counsel.

9.    The Court appoints ILYM Group, Inc. as the Settlement Administrator.

10.    The Court orders the following **Implementation Schedule** for further proceedings:

| a. | Deadline for Defendant to comply with notice provisions of Class Action Fairness Act, 28 U.S.C. § 1715. | [Within 10 days after filing of the Motion for Preliminary Approval] (S.A., § 7) |
|---|---|---|
| b. | Deadline for Defendant to Submit Class Member Database to Settlement Administrator | [Within 20 days after the Preliminary Approval Date] (S.A., § 8.2) |
| c. | Deadline for Settlement Administrator to Mail Notice to Class Members | [Within 28 days after receipt of the Class Member Database] (S.A., § 8.2) |
| d. | Deadline for Class Members to Postmark Months Disputes | [45 days after mailing of the Class Notice] (S.A., § 8.2) |
| e. | Deadline for Class Members to Postmark Requests for Exclusion | [45 days after mailing of the Class Notice] (S.A., § 1.34) |
| f. | Deadline for Class Members to submit Objections to Settlement | [45 days after mailing of the Class Notice] (S.A., § 1.34) |
| g. | Deadline for Settlement Administrator to provide Declaration of Due Diligence and Proof of Mailing | [At least 7 days prior to Final Approval and Fairness Hearing] (S.A., § 8.3) |
| h. | Deadline for Class Counsel to file Motion for Attorneys' Fees and Expenses | [35 days before the expiration of the Class Notice Period] |
| i. | Deadline for Class Counsel to file Motion for Final Approval of Settlement | [16 Court days prior to Final Approval and Fairness Hearing] |
| j. | **Final Approval/Fairness Hearing** | _____ January 18 _____, 2024 at 1:00 p.m. |
| k. | Deadline for Settlement Administrator to mail the Settlement Awards, Service Award, and PAGA Payments, and to wire transfer the Attorneys' Fees and Costs (if Settlement is Effective) | [35 days after the Effective Date] (S.A., § 9.2-9.7) |

11.    If any of the dates in this Implementation Schedule falls on a weekend, bank or

court holiday, the time to act shall be extended to the next business day.

**IT IS SO ORDERED.**

Dated: <u>July 28, 2023</u>

_____
HON. VINCE CHHABRIA
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

SECOND REVISED [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:22-CV-1892-VC