**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
Avi Kreitenberg (SBN 266571)
ak@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Phone: (310) 277-0614
Fax: (310) 277-0635

**JOSHUA KLUGMAN, ESQ.**
Joshua Klugman (SBN 236905)
esquirejosh@yahoo.com
9538 Pico Boulevard, Suite 200
Los Angeles, California 90035
Phone: (424) 248-5148

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID GEORGE WILLIAMS, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all Aggrieved Employees<br><br>PLAINTIFF,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 TO 50,<br><br>DEFENDANTS. | CASE NO.: 3:22-CV-01892-VC<br><br>**DECLARATION OF DAVID GEORGE WILLIAMS IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Honorable Vince Chhabria<br>Dept.: Courtroom 5<br>Hearing Date: January 18, 2024<br>Time: 1:00 p.m.<br><br>Action Filed: March 18, 2021<br>FAC Filed: May 5, 2021<br>SAC Filed: March 8, 2022<br>Removal Date: March 24, 2022<br>TAC Filed: June 21, 2022 |

Case 3:22-cv-01892-VC   Document 71-1   Filed 12/21/23   Page 2 of 4

## **DECLARATION OF DAVID GEORGE WILLIAMS**

I, David George Williams, based on my personal knowledge, declare and state as follows:

1. I am the named Plaintiff in this action. I was employed by Defendant Amazon.com Services LLC ("Defendant" or "Amazon") as a machine learning developer to work as the lead engineer on an Artificial Intelligence healthcare tool for remote caregiving by Amazon's "Alexa" cloud-based voice service. I am a high-income earner.

2. Throughout 2020, I never worked in Amazon's Santa Cruz office, but instead worked from home. I was told that, due to the shelter in place orders, myself and my team were all going to be working from home. I used my home internet for work.

3. I understand the terms of the Settlement Agreement including the Gross Settlement Amount of $950,000.00 and deductions from the Gross Settlement Amount for settlement administrator fees (up to $50,000.00); my Service Award ($20,000.00); attorneys' fees (up to $285,000.00); litigation costs (up to $85,000.00); and a payment to the LWDA for its share of civil penalties pursuant to PAGA ($22,500.00). I understand that the remaining amount after deductions, the Net Settlement Amount, will be distributed to all Class Members who do not timely opt out. I believe these terms are fair, adequate, and reasonable and treat all Class Members fairly.

4. I understand that as Class Representative, I have a duty to protect the interest of the entire class. There is no conflict between myself and any member of the class, and my interests are in no way antagonistic to the interests of any class members.

5. I believe that the $20,000 service award is fair, reasonable and adequate for the many hours that I have spent participating in the prosecution of this case, in addition to the potential risk of paying Defendant's cost if I did not win the lawsuit.

6. In determining the reasonability of incentive payments, courts may consider "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal

DECLARATION OF DAVID GEORGE WILLIAMS IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 299* (N.D. Cal. 1995).

**Risk to Named Plaintiff and Personal Benefit Received as a Result of Litigation**

7. By participating in the case as the only named plaintiff, I was exposed to substantial risk to my reputation. My former co-workers know that I have put myself in this position by bringing this case against Defendant. I agreed to undertake the financial risk of serving as a Class Representative and exposed myself to the risk of negative publicity by anyone who opposed this case. I agreed to participate in this case with no guarantee of personal benefit and the potential for less future job opportunities given the publicity. I also agreed to a general release, which is broader than the release of the Class members in this case, as part of the settlement. The general release includes all claims, including my national origin discrimination claims.

**Duration of Litigation**

8. The lawsuit has been ongoing since January 2021, which is over two years and 10 months as of today.

**Time and Effort Expended**

9. Since submitting my LWDA letter, I have been communicating frequently with my attorneys. I was an important source of information during this litigation.

10. In order for me to provide factual background for the LWDA letter, Complaints, and mediation brief, I needed to recall and memorialize events from my former employment with Defendant, participate in multiple initial intake interviews, produce employment documents, and be constantly available for follow up calls, emails, and text messages from my attorneys. Over the course of the litigation, I have participated in numerous phone calls with my attorneys along with text messages and email exchanges in order to provide needed information.

11. Once the LWDA letter and Complaint were drafted, my attorneys had me review the allegations for accuracy. I would have questions and would have to set up calls in order to resolve them as a part of the review process. The process would involve multiple calls, emails, and texts over a period of time to provide clarifying information to revise the documents, and

**DECLARATION OF DAVID GEORGE WILLIAMS IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

took hours of my time.

12. My attorneys also had me review other documents including documents produced by Defendant during formal discovery, the mediation brief, the Settlement Agreement, and the documents in support of my motion for preliminary approval. The process of review also required me to confer with my attorneys in order to fully understand the documents.

13. I provided invaluable assistance to Class Counsel and the Class in this case, including providing factual background for the mediation and the Class Complaint; participating in phone calls to discuss litigation and settlement strategy; assisting my attorneys in drafting pleadings filed on my behalf; responding to written discovery from Amazon; having my deposition taken; and reviewing the settlement documents.

14. I also provided a detailed declaration in support of my motion for class certification wherein I performed an analysis of badge swipe data produced by Defendant. See Declaration of David Williams in Support of Motion for Class Certification [Dkt No. 40-1].

15. Overall, this case was time-consuming. I spent approximately 100 hours working on this case.

16. For these reasons, I believe the requested enhancement award for me is fair and reasonable.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on 12/19/2023 | 5:49 PM PST in Santa Clara County, California.

By: David George Williams
David George Williams