# EXHIBIT "A"

*David Williams v. Amazon.com Services LLC, Case No. 3:22-cv-01892-VC*
**United States District Court for the Northern District of California**

**If you are or were a California resident employed by Amazon.com Services LLC who worked remotely, you could get a payment from a class action lawsuit.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A former employee sued Amazon.com Services LLC, claiming it did not reimburse its current and former employees who worked remotely for home office expenses they incurred (the "Lawsuit").

- The Court allowed the Lawsuit to be a class action on behalf of all individuals who are or were employed by Amazon.com Services LLC, based at one of Amazon's nine California office locations identified below, who worked remotely for at least one pay period from March 15, 2020 through July 1, 2022 (the Class Period"), and who were assigned a registered USB security key and a Midway Pin by Amazon, and who neither received some amount of home Internet expense reimbursement for each month of their employment during the Class Period nor testified that they had been reimbursed at least a reasonable portion of their home Internet expenses during the Class Period..

- On July 28, 2023, the Court in this Lawsuit granted preliminary approval of a proposed Settlement as set forth in the Settlement Agreement available at https://ilymgroup.com/Amazon.com concerning the Lawsuit. The Court did not decide whether Amazon.com Services LLC did anything wrong.

- The Lawsuit was settled for $950,000.00 (the "Settlement").  The Settlement pays money to employees like you, and releases Amazon.com Services LLC from liability.

- Court-appointed lawyers for the employees will ask the Court for up to $285,000.00 as fees for investigating the facts, litigating the case, and negotiating the settlement.

**Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

| Your Legal Rights and Options in This Settlement | |
|---|---|
| **Do Nothing** | **Stay in this Lawsuit.  Receive a share in the Settlement amount.** You will be a member of the class and your rights will be represented by counsel for Plaintiff. You will be bound by the result in the Lawsuit. You will not be allowed to bring your own case for the claims alleged in this Lawsuit as described above and you will give up your right to be part of any other case against Amazon.com Services LLC about the claims being resolved by this Settlement. |
| **Ask To Be Excluded** | **Get out of this Lawsuit.  Get no benefits from it.  Keep rights.** If you ask to be excluded from the Class Action, you will not share in the Settlement amount.  But you keep any rights to sue Amazon.com Services LLC about the same legal claims in this Lawsuit. |
| **Object to the Settlement** | **Write to the Court about why you don't like the Settlement.** The Court cannot order that you receive more money from the Settlement even if it agrees with you. |
| **Go to a Hearing** | **Ask to speak in Court about the fairness of the Settlement.** |

- Your options – **and the deadlines to exercise them –** are explained in this notice.

- The Court still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

Page **1** of **10**
Questions? Call (888) 250-6810 Toll Free, or visit https://ilymgroup.com/Amazon.com

ILYM ID:

| What This Notice Contains |
|---|

**Basic Information**.............................................................................  **Page 3**
　1. Why Did I get this Notice?
　2. What is this Lawsuit about?
　3. Why is this a class and PAGA action?

**The Settlement Benefits—What You Get**..................................  **Page 4**
　4. Why is there a settlement?
　5. How do I know if I am part of the Settlement?
　6. What does the Settlement provide?
　7. How much will my payment be?

**You Do Not Need To Do Anything To Get Your Payment**.......  **Page 5**
　8. What if my address changes?
　9. How can I get a payment?
　10. When would I get my payment?


**Release of Claims**...........................................................................  **Page 5/6**
　11. What am I giving up to get a payment or stay in the Class?
　12. Can I get a Settlement payment if I still work for Amazon.com Services LLC?

**Excluding Yourself From The Settlement**..................................  **Page 6**
　13. How do I get out of the Settlement?
　14. If I don't exclude myself, can I sue Amazon.com Services LLC for the same thing later?
　15. If I exclude myself, can I get money from this Settlement?

**The Lawyers Representing You**....................................................  **Page 7**
　16. Do I have a lawyer in the case?
　17. How will the lawyers be paid?
　18. What other expenses will be taken out of the total Settlement amount?

**Objecting to The Settlement**........................................................  **Page 7/8**
　19. How do I tell the Court that I don't like the Settlement?
　20. What's the difference between objecting and excluding?

**The Court's Final Approval Hearing**..........................................  **Page 8**
　21. When and where will the Court decide whether to approve the Settlement?
　22. Do I have to come to the hearing?
　23. May I speak at the hearing?

**If You Do Nothing**..........................................................................  **Page 8**
　24. What happens if I do nothing at all?

**Getting More Information**............................................................  **Page 9**
　25. Are there more details about the Settlement?

**Basic Information**

## 1. Why did I get this notice?

Amazon.com Services LLC records show that you currently work, or previously worked, for Amazon.com Services LLC at some point from March 15, 2020 through July 1, 2022, were based at one of Amazon's nine California office locations (LAX10, MRY11, SBP10, SFO10, SFO13, SJC11, SJC15, SJC3, SNA3), worked remotely, and were assigned a registered USB security key and a Midway Pin by Amazon, and neither received some amount of home Internet expense reimbursement for each month of your employment during the Class Period nor testified that you had been reimbursed at least a reasonable portion of your home Internet expenses during the Class Period..

You have a right to know about a proposed Settlement of a class action Lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. You will be informed of the progress of the Settlement.

This package explains the Lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is *David Williams v. Amazon.com Services LLC*, Case No. 3:22-cv-01892-VC. The person who sued is called the Plaintiff, and the company he sued, Amazon.com Services LLC, is called the Defendant.

## 2. What is this Lawsuit about?

This Lawsuit covers Amazon.com Services LLC employees that worked remotely at some point from March 15, 2020 through July 1, 2022. The Lawsuit claims that Amazon.com Services LLC did not properly reimburse employees for their home office expenses while working remotely.

Amazon.com Services LLC denies that it did anything wrong.

## 3. Why is this a class and PAGA action?

In a class action, one or more people called a Class Representative (in this case David Williams), sue on behalf of people who have similar claims. In a class action, all people with similar claims are called "Class Members." Class Members do not need to do anything to be part of a class action. Once the Court decides that a case can proceed as a class action (as the Court here has done for purposes of this Settlement only), all Class Members are included in the class by default, except for those who exclude themselves (exclusion is described in Questions 13-15, below). In a class action, the Court resolves the issues for all Class Members together in one legal proceeding. "Class Members" for purposes of this Settlement is defined in Question 5, below.

In an action under California's Private Attorneys General Act ("PAGA"), a plaintiff sends a letter to the California Labor and Workforce Development Agency ("LWDA") describing the alleged Labor Code violations committed against that employee and other employees ("PAGA Members," defined for purposes of this Settlement in Question 5, below) by the defendant(s). If the LWDA does not opt to pursue the alleged Labor Code violations, the plaintiff is allowed to sue the defendant(s) on behalf of the State of California, on behalf of him-/herself, and all other PAGA Members. PAGA Members cannot opt out of the Settlement of a PAGA action. If the Settlement of a PAGA action is approved by the Court, the PAGA Members covered under the PAGA action will have their claims for PAGA penalties released, whether or not the PAGA Members opt out of the Settlement of the class action. The State of California receives 75% of the PAGA penalties, and the PAGA Members receive the other 25%.

The Honorable Vince Chhabria, United States District Judge, is presiding over this class and PAGA action. He decided that this Settlement can proceed on a class and PAGA basis.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a Settlement, which, if approved, brings the Lawsuit to an end. That way, the Plaintiff, Class Members, PAGA Members and Defendant avoid the cost, delay, and uncertainty of moving forward to a trial and possible appeals, and the Class Members and PAGA Members can get compensation and penalties. The Class Representative and the attorneys think the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members and PAGA Members.

## 5. How do I know if I am part of the Settlement?

Judge Vince Chhabria decided that everyone who fits this description is a Class Member and/or a PAGA Member:

*Plaintiff and all other individuals who are or were employed by Defendant, based at one of Amazon's nine California office locations (LAX10, MRY11, SBP10, SFO10, SFO13, SJC11, SJC15, SJC3, SNA3), who worked remotely for at least one pay period during the Class Period from March 15, 2020 through July 1, 2022, and who were assigned a registered USB security key and a Midway Pin by Amazon, and who neither received some amount of home Internet expense reimbursement for each month of their employment during the Class Period nor testified that they had been reimbursed at least a reasonable portion of their home Internet expenses during the Class Period.*

### The Settlement Benefits – What You Get

## 6. What does the Settlement provide?

Amazon.com Services LLC has agreed to create a $950,000.00 fund to settle the claims of the Class Members who do not exclude themselves from the Settlement and the PAGA Members. A description of how to "exclude" yourself is provided below, in Questions 13–15.

## 7. How much will my payment be?

Your share of the fund will depend on the number of Class Members that participate (*i.e.*, the number of Class Members who do not "exclude" themselves), whether all of them cash their share of the Settlement and how many months you worked for Amazon.com Services LLC. Here's how it works:

Amazon.com Services LLC and another company called ILYM (which is going to be the administrator of this Settlement) are gathering all of the data necessary to calculate how many "months" there are in *total* among *all* of the Class Members.

After fees and costs are paid out of the Settlement amount (the fees and costs are discussed in Questions 17 and 18, below), the remaining amount of money that will be distributed to the Class is called the Net Settlement Amount. ILYM will then divide the Net Settlement Amount by the total number of months to figure out how much money each class member will receive for *each* month that they worked for Amazon.com Services LLC. This amount of money is called the "Month Value."

Each Class Member will receive an amount of money which is equal to the number of Months he or she worked for Amazon.com Services LLC from March 15, 2020 through July 1, 2022 multiplied by the Month value (the "Individual Settlement Amount").

For example, if the Month Value is $10.00 and a Class Member worked for 10 Months, that Class Member will receive $100.00 as their Individual Settlement Amount. All Class Members will receive a minimum Individual Settlement Amount of $10.00.

The Parties also agree that if you received some kind of home internet expense reimbursement from Amazon.com Services LLC during the period from March 15, 2020 through July 1, 2022, your prior reimbursement submissions shall be treated as a credit, whereby you will only receive a payment from the Net Settlement Amount if you previously received at least $10.00 less in home internet reimbursements than you would in the above calculation of your Individual Settlement Amount. Otherwise, you will receive the $10.00 minimum.

Further, for purposes of this calculation, the months of March 2020 and April 2020 shall be treated as three months each. For example, if you only worked for Amazon.com Services LLC in March 2020 and April 2020, it would be treated as if you worked six months.

Your entire Individual Settlement Amount will be considered reimbursement, interest, and "penalties" which means that you will

be issued a 1099 (and payroll taxes will not be taken out).

You should remember that you are responsible for your own tax obligations that are associated with any money that you get from this Settlement.

The number of months you worked for Amazon.com Services LLC from March 15, 2020 through July 1, 2022 will be calculated based on Amazon.com Services LLC records. According to Amazon.com Services LLC, you worked 15 months during the Class Period and your estimated share of the Net Settlement Amount is $53.23. If you already received some kind of home internet expense reimbursement, you will only receive a payment greater than the $10.00 minimum from the Net Settlement Amount if the difference between your prior reimbursements and your estimated share of the Net Settlement Amount is greater than $10.00. If you feel that you were not credited with the correct number of months worked from March 15, 2020 through July 1, 2022 or that your home internet expense reimbursements were not properly credited, you may submit evidence to the Settlement Administrator on or before October 30, 2023 with documentation to establish the number of months you claim to have actually worked during the Class Period or the amount of home internet reimbursements you received during the Class Period. DOCUMENTATION SENT TO THE SETTLEMENT ADMINISTRATOR WILL NOT BE RETURNED OR PRESERVED; DO NOT SEND ORIGINALS.

The Plaintiff and the Defendant and the Settlement Administrator will promptly evaluate the evidence submitted and discuss in good faith how many months should be credited to you. The Settlement Administrator will make the final decision as to how many months are credited, and report the outcome to the you. If you are unsatisfied with the decision, you may submit an Objection, as discussed below.

## 8. What if my address changes?

If you move after receiving this notice or if it was misaddressed, please advise the Settlement Administrator at:

ILYM Group, Inc.
P.O. Box 2031
Tustin, CA 92781

It is important that you update your address so that future notices and/or the Settlement payment can reach you.

**You Do Not Need To Do Anything In Order To Get Your Payment**

## 9. How can I get a payment?

You do not need to do anything to get your payment. If you are a Class Member (as defined above in Question #5), and received this notice, you are automatically included in the Settlement and do not need to take any further action to receive a payment.

## 10. When would I get my payment?

The Court will hold a hearing on January 18, 2024 to decide whether to approve the Settlement. If Judge Vince Chhabria approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**Release of Claims**

## 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other Lawsuit against Amazon.com Services LLC about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself, then you will agree to a "Release of Claims." These claims are exactly the legal claims that you give up if you get the Settlement benefit.

Specifically, the Settlement includes a release by Class Members (other than those who submitted a timely request to be excluded)

of Defendant and all of its subsidiaries, affiliates, shareholders, members, agents, predecessors, officers, directors, successors, and assigns from any and all claims, obligations, demands, rights, causes of action, and liabilities against Defendant, including, as PAGA Members, PAGA claims, that were or could have reasonably been alleged based upon the facts pleaded in the Action and the PAGA claim notices that Plaintiff provided to the LWDA prior to commencing the Action. The Release Claims here are limited to the identical factual predicates set forth in Plaintiff's operative Complaint.

## 12. Can I get a Settlement payment if I still work for Amazon.com Services LLC?

Yes. If you are still working for Amazon.com Services LLC, this Settlement will not affect your employment.

**California law strictly prohibits retaliation.** Amazon.com Services LLC will not take any adverse action against you, and will not target, retaliate, harass or discriminate against you or any other Class Member because of your decision to participate or not to participate in the Settlement.

### Excluding Yourself from the Settlement

## 13. How do I get out of the Settlement?

If you **do not** want to take part in the Settlement, you can exclude yourself or opt out of the Settlement. To exclude yourself from the Settlement, you must submit a letter (the "Request for Exclusion") no later than October 30, 2023 saying that you want to be excluded from the Settlement, and that you understand that you will not receive money from it. You must include your (1) name, (2) signature, and (3) a statement that you wish to be excluded from the Settlement, such as: "I decline to provide a release of claims and instead elect to exclude myself from the monetary relief provisions in the Settlement in *Williams v. Amazon.com Services LLC*. That means I will not be entitled to any money from the Settlement of the Class Claims."

The Request for Exclusion need only contain the information needed to exclude yourself or opt out of the Settlement and no extraneous information or hurdles.

Send the Request for Exclusion directly to the Settlement Administrator at the following address:

ILYM Group, Inc.<br>
P.O. Box 2031<br>
Tustin, CA 92781

**Your Request for Exclusion must be received or postmarked by October 30, 2023.** Any person who files a timely request to be excluded from the Settlement will, upon receipt, no longer be a Class Member, will not receive any money from the Settlement, and cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit. You may be able to sue (or continue to sue) Amazon.com Services LLC in the future for the claims that were brought in this Lawsuit. However, a request to opt out of the Settlement will not serve to exclude you from the Private Attorneys General Act portion of the Settlement. You have no right or ability to opt out of the Private Attorneys General Act portion of this Settlement.

## 14. If I don't exclude myself, can I sue Amazon.com Services LLC for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Amazon.com Services LLC for the claims that this Settlement resolves. If you have a pending Lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own Lawsuit. Remember, the exclusion deadline is October 30, 2023.

## 15. If I exclude myself, can I get money from this Settlement?

If you exclude yourself, you will not receive money from the Settlement of the class action, but you will still receive money from the Settlement of the PAGA action (because you cannot opt out from the PAGA Settlement). You will not be legally bound by anything that happens in this Lawsuit regarding the class action, but you will still be bound by the Settlement regarding the PAGA action (again, because you cannot opt out of it).

**The Lawyers Representing You**

### 16. Do I have a lawyer in this case?

The Court has appointed two law firms to represent you and the other Class Members: Ackermann & Tilajef, P.C. and Joshua Klugman, Esq. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. If you have any questions you can contact Class Counsel:

| | |
|---|---|
| Ackermann & Tilajef, P.C. | Josh Klugman, Esq. |
| Craig Ackermann | Joshua Klugman |
| cja@ackermanntilajef.com | esquirejosh@yahoo.com |
| 315 South Beverly Drive, Suite 504 | 9538 Pico Boulevard, Suite 200 |
| Beverly Hills, California 90212 | Los Angeles, California 90035 |
| Phone: (310) 277-0614 | Phone: (424) 248-5148 |

### 17. How will the lawyers be paid?

Class counsel – which consists of attorneys from two separate law firms – have been prosecuting this Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. The Court will determine the actual amount awarded to Class Counsel as attorneys' fees, which will be paid from the Settlement Amount. Class Members are not personally responsible for any of Class Counsel's attorneys' fees or expenses. Class Counsel will collectively ask for fees of thirty percent ($285,000.00) of the Settlement Amount as reasonable compensation for the work Class Counsel performed and will continue to perform in this Lawsuit, and as recognition of the time and effort incurred by Class Counsel in securing the benefits of this Settlement for you and the other Class Members. Class Counsel also will ask for reimbursement of up to $85,000.00 for the costs Class Counsel incurred in connection with the Lawsuit. The Court may award less than these amounts.

### 18. What other expenses are taken out of the total Settlement amount?

Amazon.com Services LLC has agreed to pay $950,000.00 to resolve the claims that were brought in this Lawsuit. Under the terms of the Settlement Agreement (which you can view at https://ilymgroup.com/Amazon.com), $50,000.00 will be paid from the Settlement amount to ILYM to act as the Settlement Administrator, who is sending this notice to you, and will perform all the administrative duties related to this Settlement.

Class Counsel will also ask the Court to award Class Representative David Williams a service payment in the amount of $20,000.00 to compensate him for his service and extra work provided on behalf of the Class Members. The Class Representative may also receive a share of the Settlement as a class member.

Lastly, $30,000.00 of the Settlement Amount will be allocated to Plaintiff's penalty claim under the Private Attorneys General Act of 2004 ("PAGA"). Of this amount, $22,500.00 will be paid to the California Labor Workforce Development Agency (the "LWDA") in satisfaction of the claims for penalties under the Private Attorneys General Act of 2004. The remaining amount, $7,500.00, will be divided pro rata and paid to the PAGA Members.

**Objecting to the Settlement**

You can tell the Court that you don't agree with the settlement or some part of it.

### 19. How do I tell the Court that I don't like the Settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the Lawsuit will continue. If this is what you want to happen, you should object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person via Zoom or through an attorney. If you appear through your own attorney,

you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Williams v. Amazon.com Services LLC*, Case No. 3:22-cv-01892-VC), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco California 94102 and (c) be filed or postmarked on or before October 30, 2023.

The requirement of filing a written objection may be excused upon a showing of good cause. The Court will require only substantial compliance with the requirements for submitting an objection.

### 20. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

**The Court's Final Approval Hearing**

The Court will hold a final approval hearing to decide whether to approve the Settlement. You may attend, and you may ask to speak, but you do not have to.

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 1:00 p.m. on January 18, 2024 at the United States District for the Northern District of California. The Final Approval Hearing will take place on Zoom, and you may observe or ask to speak at the hearing. The web address for the Final Approval Hearing Zoom is https://cand-uscourts.zoomgov.com/j/1612857657?pwd=WE5Gcm1zS293WU84V0tyd0c2Ulp1UT09. The date and time of the Final Approval Hearing may change without further notice to the class. Please check the settlement website or the Court's Public Access to Court Electronic Records (PACER) site to confirm that the date and time of the Final Approval Hearing has not been changed. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Vince Chhabria will listen to people who have asked to speak at the hearing. The Court may also decide how much money to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 22. Do I have to come to the hearing?

No. Class Counsel will represent you and will answer questions Judge Chhabria may have. But you are welcome to attend by joining the Zoom at the web address:

https://cand-uscourts.zoomgov.com/j/1612857657?pwd=WE5Gcm1zS293WU84V0tyd0c2Ulp1UT09. If you file an objection, you don't have to attend the hearing to talk about it. You may also pay your own lawyer to attend, but it's not necessary.

### 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter to the Class Action Clerk at the address listed in section 19, saying that it is your "Notice of Intention to Appear at the Final Approval Hearing in *Williams v. Amazon.com Services LLC*, Case No. 3:22-cv-01892-VC." You must include your name and signature. Your Notice of Intention to Appear must be postmarked or emailed no later than October 30, 2023. This requirement may be excused upon a showing of good cause. You cannot speak at the hearing if you excluded yourself.

**If You Do Nothing**

### 24. What happens if I do nothing at all?

If you are a Class Member (as defined above in Question #5), and received this notice, you are automatically included in the Settlement and do not need to take any further action to receive a payment. If you do nothing, and if the Court approves the Settlement, then you will receive your payment in the mail, which will be your portion of the Settlement.

**Getting More Information**

### 25. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. For the precise terms of the proposed Settlement, please see the Settlement Agreement available at https://ilymgroup.com/Amazon.com, by contacting Class Counsel (contact information for Class Counsel is included in Question 16), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER") system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.** If you have any questions about the Settlement, you may contact the Settlement Administrator at: (888) 250-6810 or by e-mail at claims@ilymgroup.com. You may also contact Class Counsel at the address or phone number listed above in Question 16.