**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann (SBN 229832)
cja@ackermanntilajef.com
Avi Kreitenberg (SBN 266571)
ak@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 South Beverly Drive, Suite 610
Beverly Hills, California 90212
Phone: (310) 277-0614
Fax: (310) 277-0635

**JOSHUA KLUGMAN, ESQ.**
Joshua Klugman (SBN 236905)
esquirejosh@yahoo.com
9538 Pico Boulevard, Suite 200
Los Angeles, California 90035
Phone: (424) 248-5148

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID GEORGE WILLIAMS an individual, on behalf of the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 to 50,<br><br>Defendants. | CASE NO.: 3:22-CV-01892-VC<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Honorable Vince Chhabria<br>Dept.: Courtroom 5<br>Hearing Date: January 18, 2024<br>Time: 1:00 p.m.<br><br>Action Filed: March 18, 2021<br>FAC Filed: May 5, 2021<br>SAC Filed: March 8, 2022<br>Removal Date: March 24, 2022<br>TAC Filed: June 21, 2022 |

The Court, having considered the motions of Plaintiff DAVID GEORGE WILLIAMS ("Plaintiff") for Final Approval of Class Action Settlement, and for Attorneys' Fees and Costs, and good cause appearing, hereby **GRANTS** final approval of the class action settlement between Plaintiff and Defendant AMAZON.COM SERVICES LLC ("Defendant") as provided by the Revised Settlement Agreement and Release of Class Action [Dkt. 68-1] (the "Settlement Agreement" or "Settlement") as set forth below:

1. The Court hereby makes final the conditional class certification contained in the Second Revised Order Granting Preliminary Approval of Class Action Settlement [Dkt. 69] (the "PA Order"), and thus makes final for purposes of the Settlement Agreement the certification, pursuant to FRCP 23(a) and (b)(3), of a class consisting of: *Plaintiff and all other individuals who are or were employed by Defendant, based at one of Defendant's nine California office locations (SJC3, SJC15, SFO10, SFO13, MRY11, SBP10, LAX10, SJC11, and SNA3), who worked remotely for at least one pay period during the Class Period, who were assigned a registered USB security key and a Midway Pin by Amazon, and who neither received some amount of home Internet expense reimbursement for each month of their employment during the Class Period not testified that they had been reimbursed at least a reasonable portion of their Internet expenses during the Class Period*. The Class Period shall mean the period from March 15, 2020 through July 1, 2022.

2. The Court hereby finds that the Class Notice mailed to all Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The court further finds that a full and fair opportunity has been afforded to Class Members to participate in the hearing convened to determine whether the proposed Settlement Agreement should be given final approval. As only 19 of the 6,892 total Class Members requested to be excluded from the Settlement, **6,873** Settlement Class members are bound by this Order and shall be deemed to have released the Released Claims against the Released Parties as defined in the Settlement Agreement. Not a single Class Member objected to any portion

of the Settlement Agreement after dissemination of the Class Notice.

3. The Court finally appoints Craig J. Ackermann, Brian Denlinger, and Avi Kreitenberg of Ackermann & Tilajef, P.C., and Joshua Klugman of Joshua Klugman, Esq. as counsel for the Class, and finds them to be adequate counsel experienced in similar litigation.

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiff, and Defendant, and is the product of good faith, arm's-length negotiations between the parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law.[1] The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the Settlement in light of the challenges posed by continued litigation, and Court concludes that Class Counsel secured significant relief for Class Members. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

   a. Finally approves the gross settlement amount of $950,000.00;
   b. Finally approves payment of up to $40,000.00 to ILYM Group, Inc., the Settlement Administrator;
   c. Finally approves the Class Representative Incentive award of $20,000 to Plaintiff;
   d. Finally approves an award of attorneys' fees, pursuant to Rule 23(h) in the amount of $285,000.00,[2] and costs in the additional amount of $83,499.91[3] to Plaintiff's counsel;

---

[1] The Court finds that all filing requirements of the Class Action Fairness Act ("CAFA") were timely satisfied. See 28 U.S.C. § 1715.

[2] The Court will withhold 10% of the attorneys' fee award until after the Post-Distribution Accounting has been filed. The 10% withholding is appropriate because this case has been heavily litigated and because Class Counsel is not seeking a lodestar multiplier.

[3] The Settlement Agreement contemplates litigation cost reimbursement in the amount of $85,000, which was already preliminarily approved by this Court and noticed to the Class without objection date; however, Class Counsel is not requesting litigation cost reimbursement in the amount of their actual litigation costs incurred with the balance to be added to the Net Settlement Amount to be distributed to participating Class Members.

    e.    Finally approves the allocation of $30,000 as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), and further approves of payment of 75% thereof ($22,500) to the Labor and Workforce Development Agency for its portion of the PAGA penalties.

5.    The Court orders that, following the Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the implementation schedule set forth in the Settlement Agreement.

6.    Within twenty-one days after the distribution of any remaining funds to Class Members who cashed their Individual Settlement Amount checks, Plaintiff's Counsel will file a Post-Distribution Accounting, including, as relevant, when payments were made to class members, the number of members who were sent payments, the total amount of money paid to members, the average and median recovery per class member, the largest and smallest amount paid to class members, the number and value of cashed and uncashed checks, the number of members who could not be contacted, the number of objections and opt-outs, the amount to be distributed to each cy pres recipient, any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved. *See Cotter v. Lyft*, No. 13-cv-04065-VC, Dkt. No. 348 (N.D. Cal. Apr. 6, 2018); *Hunt v. VEP Healthcare, Inc.*, No. 16-cv-04790-VC, Dkt No. 68 (N.D. Cal. Apr. 3, 2018).

7.    Defendant shall deposit the Gross Settlement Amount in a lump sum payment to the Settlement Administrator within 60 days of the Effective Date, by March 18, 2024.

8.    The Settlement Administrator shall distribute to Class Counsel the attorneys fees and expenses as approved by the Court no alter than thirty-five days after the Effective Date, by February 22, 2024.

9.    The Settlement Administrator shall distribute to Plaintiff the service award approved by the Court no later than thirty-five days after the Effective Date, by February 22, 2024.

10.    The Settlement Administrator shall distribute to the LWDA the portion of the

PAGA Payment due to it and approved by the Court no later than thirty-five days after the Effective Date, by February 22, 2024

11. The Settlement Administrator shall make every effort to mail the Individual Settlement Amount to each participating Class Member, by first-class United States mail, to their last-known address no later than twenty days after the Effective Date, by February 7, 2024.

12. Within one hundred twenty days of mailing the Individual Settlement Amounts to participating Class Members, by June 6, 2024, the Settlement Administrator shall file with the Court and provide to Class Counsel a declaration of payment.

13. Any funds associated with checks that have not been cashed within one hundred twenty days, will become void and the Individual Settlement Amounts associated with the uncashed checks will be redistributed pro-rata to participating Class Members who cahsed their settlement check.

14. The Settlement Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

15. Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out, after which this action shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: _____        _____
                                     THE HONORABLE VINCE CHHABRIA
                                     UNITED STATES DISTRICT COURT JUDGE
                                     NORTHERN DISTRICT OF CALIFORNIA